## TUOLUMNE WATER CO. *v.* CHAPMAN *et al.*

A complaint alleging that plaintiffs had, for a long time conveyed water from a stream for mining purposes, by means of a ditch, and had thus acquired a prior right to the enjoyment and use of the water, and were in the peaceable possession thereof, when defendants wrongfully diverted the same, and deprived plaintiffs thereof, and were continuing so to do, is sufficient to maintain a prayer for an injunction.

A demurrer admits the facts as alleged in the complaint.

The allegation in the complaint, that defendants wrongfully claim some pretended and fictitious right to the use of the water, does not prejudice the right of the plaintiffs to the injunction.

The diversion of a water-course is a private nuisance.

No equitable remedy can be had for a mere *past* diversion of a water-course ; but when the injury is *continuing,* relief may appropriately be sought in equity.

There is no occasion that the plaintiff should first establish his title at law, before he can obtain the injunction, when the averment of his right in the complaint is admitted by demurrer.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

It is alleged in the complaint that the plaintiff is an incorporated ditch company, and for several years past has conveyed water by means of a ditch from the Stanislaus River, into French Gulch, and down said Gulch, for sale to others to be used for mining purposes, and by that means had acquired a prior right to the enjoyment and use of the water; and that being so in the peaceable possession and use of the water flowing in said ditch and gulch, the defendants diverted the water from said gulch, and deprived the plaintiff of its use and enjoyment, and still continue to do so, and refuse to desist therefrom, and wrongfully claim some pretended and fictitious right to the use of the water, to the great and manifest injury of the plaintiff. The prayer of the complaint is for a decree forbidding defendants from using or diverting the water for a temporary injunction, and upon the final hearing, that the injunction be made perpetual.

To this complaint the defendants demurred, which being sustained by the Court below, the plaintiff appealed.

*H. P. Barber* for Appellants.

The demurrer admits the facts, to wit: that the plaintiffs are rightfully entitled to the water-course and water, and that defendants have diverted, still continue to divert, and refuse to desist from diverting said water, to the great and manifest injury of said plaintiffs, and a total deprivation of the water. Mitford's Eq. Plead., 5 Am. Ed., p. 155.

The diversion of water courses is a private nuisance. Willard's Eq. Ju., 392; Angell on Water-Courses, § 388, p. 425.

The prevention or restraining of such nuisances is a special branch of equity jurisprudence. Angell, §§ 444, 457.

"To justify the interposition of the Court by injunction to restrain a nuisance, the plaintiff's title must be free from doubt. If his title be conceded, there is no occasion to have it established by a verdict at law. Where a plaintiff has been immemorially in the enjoyment of a stream of water flowing through his land, and is in the actual possession, equity will restrain the obstruction or diversion of the water or any important part of it to the injury of the plaintiff. The diversion or obstruction of a water-course is a private nuisance." Willard's Eq. Ju., 392.

"A private nuisance is an act done, unaccompanied by an act of trespass, which causes a substantial prejudice, corporeal or incorporeal, of the right of another: *e. g.* diverting a water course so as to interrupt the right of another person, that it should run undisturbed to his meadow or his mill." The remedies, however, at law can, at the utmost, only abate, or afford compensation for an existing nuisance, but are ineffectual to restrain or prevent such as are threatened or in progress; and for this reason there is a jurisdiction in equity to enjoin, if the fact of nuisance is admitted, or established at law, whenever the nature of the injury is such that it cannot be adequately compensated in damages, or will occasion a constantly recurring grievance." Adams' Eq., pp. 210, 211.

"Cases of a nature allowing for the like remedial interposition of Courts of Equity are the obstruction of water-courses, the diversion of streams from mills, the back flowage on mills," etc. 2 Story's Eq. Ju., § 927, p. 257; ib., § 928.

In Gardner v. The Trustees of Newburgh, (2 John. Chan. R., 164, a leading case on the diversion of water-courses,) Chancellor Kent says:

"The Court of Chancery has also a concurrent jurisdiction by injunction equally clear and well established in cases of private nuisance. Without noticing nuisances arising from other causes, we have many cases of the application of equity powers on this very subject of diverting streams, (citing many cases.)

These cases show the ancient and established jurisdiction of this Court; and the foundation of that jurisdiction is the necessity of a preventive remedy, when great and immediate mischief, or material injury would arise to the comfort and useful enjoyment of property.

The same doctrine was reiterated in the case of the obstruction of a water-course, in Van Bergen *v.* Van Bergen, 2 Johns. Chan. R., 271; Croton Turnpike Co. *v.* Ryder, 1 J. C. R., 611; Bergen *v.* Bergen, 3 J. C. R., 182; Varrick *v.* Mayor of New York, 4 J. C. R., 53; Reid *v.* Gifford, 9 J. C. R., 439; Corning *v.* Lowerre, 6 J. C. R., 439; Livingston *v.* Livingston, 6 J. C. R., 497; Hammond *v.* Fuller, 1 Paige, 197; Belknap *v.* Trimble, 3 Paige, 577; Mohawk Bridge Co. *v.* Utica and S. R. R. Co., 6 Paige, 555; Reid *v.* Gifford, 1 Hopkin's Chan. R., 416; Olmstead *v.* Loomis, 6 Barb., 152; Fisk *v.* Wilbur, 7 Barb., 395; Gilbert *v.* Mickle, 4 Sand. Chan. R., 357; Corning *v.* Troy Iron Co., 6 How. Pr. R., 89.

Let us now examine the decisions of the Supreme Court of this State:

In Dewitt *v.* Hays, 2 Cal., 463, the writ was denied because the party had a perfect remedy at law, and the Court had no power to interpose, and it was not a case of nuisance.

In Minturn *v.* Hays, 2 Cal., 590, the Court say: "The writ of injunction can only be issued when the bill makes out a case of equity jurisdiction."

"In the case under consideration the issue is strictly one at common law, and Courts of Equity can take no cognizance thereof."

In Middleton *v.* Franklin, 3 Cal., 238, it was held that the injury must be irremediable, or lead to irremediable mischief, (*e. g.*, the destruction of a party's business, as alleged in our bill,) and that the bill in that case did not show a sufficient probability of mischief—at least "until the question of nuisance or not was determined by a jury." In the present case the nuisance is admitted, and therefore requires no such determination.

In Waldron *v.* Joiner, 5 Cal., 9., the Court merely hold that an injunction ought not to be granted in an action of trespass, unless it appears that the injury will be irreparable and cannot be compensated in damages. The Court also lay stress upon the fact that "no action has ever determined the plaintiff's rights."

In Buckelew *v.* Estill, 5 Cal., 20, the Court allowed an injunction to restrain the cutting down of trees, where the answer admitted the grant through which plaintiff claimed.

The only case closely resembling this is that of Ramsey *v.* Chandler, 3 Cal., 90, where defendants were guilty of a private nuisance, by raising a dam and overflowing plaintiff's ground. A perpetual injunction was allowed, and defendants appealed.

The Court say the right is clearly with the plaintiff, and the decree was affirmed.

Defendants admit our right in the clearest manner—admit that they are guilty of a private nuisance—that they are continuing it, and refuse to desist—that they wrongfully claim a pretended and fictitious right to the water—and that these acts are to our great and manifest injury and the total deprivation of the use of the water.

This is not a question of dissolving an injunction, but whether, on demurrer, we are not entitled to the relief prayed. We waive any claim for damages, and pray that, on the facts stated in the bill, a decree may be made, enjoining defendants from further diversion of the water.

The same question was presented to the Court in the case of Mearis v. Bicknell, just decided, (Jan. T., 1857,) in which the right to an equitable remedy appears to have been conceded.

*Wolcott & Greenwood*, for Respondents.

The main question raised by the demurrer, as fully appears from the record, is as follows: Is this is a case in which the Court, at Chambers, shall be permitted to exercise purely equitable jurisdiction, thereby leaving it wholly within the discretion of the judge to determine the various conflicting rights between the parties litigant, as to the use, enjoyment and possession of water, as well as the disputed question of diversion of the same. Also, to require a jury to pass upon and determine such rights on issues specially framed by the Court, or otherwise, or to entirely dispense with a jury, provided such jurisdiction be granted, thereby leaving it within the power of the Judge (sitting as Chancellor,) to enter a decree in direct opposition to any verdict that might be rendered by a jury. See Gray v. Eaton et als., Oct. T., 1855.

It is strongly argued, by counsel, for plaintiffs, that the demurrer of defendants admit every allegation in the complaint. This may be technically true, but still this fact cannot confer the equitable jurisdiction demanded, because it is necessary that the plaintiffs shall establish an undoubted right in a Court of Law, to the use and possession of the property in question, prior to filing this their bill in chancery, wherein they pray for a perpetual injunction against defendants, and it does not appear in the bill of said plaintiffs that such disputed right has ever been passed upon or determined in a Court of Law.

In this action, as fully appears from the argument of counsel for appellants, the question is not raised as to the granting of an injunction, or the dissolution thereof, and therefore many of the authorities cited by appellants' counsel do not apply to this case. At common law, as well as under the statutes of California, upon sufficient cause shown, by affidavit or otherwise, in an action at

law an injunction may issue, the only question being as to the jurisdiction of the Court. But in this action an injunction has been issued, and is prayed to be made perpetual in plaintiff's bill, and defendants cite the following cases, which have been determined in the Supreme Court of this State. Gates v. Henry Teague et als., Oct. T., 1856; Ritchie & Waterman v. Dorland et al., Jan. T., 1856; Gregory v. Hay, 3 Cal. R., 322; also, Willard's Eq. Jurisp., 392.

Where the thing complained of is in itself a nuisance, and there is no doubt as to the plaintiff's right, the Court will interfere to stay irreparable mischief, without waiting the result of a trial. But where the thing sought to be restrained is not in itself noxious, but only something which may, according to circumstances, prove to be so, the Court will wait the result of a trial at law, or of an issue awarded by itself. Hence, in case of a dispute as to the right of the enjoyment of portions of the water of a stream for manufacturing purposes, equity ought not to interfere by injunction, unless the right of complaint is capable of clear ascertainment, and then only to prevent irreparable mischief. Reid et al. v. Gifford, 6 J. Ch. R., 19; The Attorney-General v. Utica Ins. Co., 2 ib., 370; on motion for an injunction; resisted on the ground, first—that this is not a case properly within the jurisdiction of this Court. The Chancellor says:

"I shall confine myself to the consideration of the first point, and on that objection dispose of the case. The application for the injunction, is not because it is intended to be merely ancillary to a proceeding at law. The entire and, final remedy is sought in this Court. The whole question upon the merits is one of law and not of equity. The process of injunction is too peremptory and powerful in its effects, to be used in the case without the clearest sanction." Hart & Hoyt v. The Mayor and Councilmen of the City of Albany et als., 3 Paige Ch., 213.

The same doctrine is laid down in 7 Barbour's S. C. R., 395, Fisk v. Wilber et als. The Court say: "Courts of Equity have concurrent jurisdiction with Courts of Law, in cases of private nuisance; but it is not every case of nuisance which will authorize the exercise of the jurisdiction.

It rests upon the principle of a clear and undoubted right to the enjoyment of the subject in question, and will only be exercised in a case of strong and imperious necessity, or where the rights of the party have been established at law. It is not the peculiar province of a Court of Equity to construe contracts and conveyances of water-powers, or to ascertain and define the quantity of water granted or reserved thereby. The principle upon which the jurisdiction of a Court of Equity rests, in cases of water-privileges, arises from the preventive which it can afford, in shielding a party from great and irreparable injury

which may threaten him; but the rights alleged to be infringed or threatened must be clear, definite, and certain, or capable of being clearly ascertained: otherwise the party should be left to the remedy at law."

BURNETT, J., after stating the facts, delivered the opinion of the Court—TERRY, C. J., concurring.

The demurrer admits the facts as alleged in the complaint. 3 Cal. R., 323.

The alleged allegation in the complaint, that the defendants wrongfully claim some pretended and fictitious right to the use of the water, does not prejudice the right of the plaintiff to the injunction. Merced Mining Co. *v.* Fremont, April, 1857.

The diversion of a water-course is a private nuisance. Willard's E. J., 392; Adams E., 310; Story's E. J., § 927.

There can be no doubt of the truth of the proposition, that no equitable remedy can be had for a mere *past* diversion of a water-course, but where the injury is *continuing,* relief may be appropriately sought in equity. It is only in equity that *future* injury can be restrained. Continued diversion of water from a party entitled to it, is such an irreparable injury as a Court of Equity will redress.

But in this case it is insisted by the defendants that the remedy by injunction cannot be maintained, until the plaintiff has established his title by a suit at law.

. The only object in establishing title at law, is to show that the right is in the plaintiff. The suit at law is only a *means* to accomplish a given end. When the end is already obtained, there could be no reason for doing an idle thing. This, the law, as a rational system, never requires to be done. If the title of the plaintiff be conceded, then there can be no need of a trial at law to establish that which is already admitted. Willard's E. J., 392; 6 Hare P. R., 89.

By the demurrer in this case, the defendants admit the right of plaintiff to the water in the gulch, that they have wrongfully diverted it, and continued to do so, and refuse to desist, under a fictitious claim of right.

It is not a mere *fictitious* claim of right that will prevent the injunction. Suppose the defendants had stated in their answer that they admitted the right of plaintiff to the use of the water, but also insisted that they had a pretended and fictitious claim to it, then there could have been no necessity of a trial at law under such an admission. Had the defendants answered, *denying* the right of the plaintiff, and claiming title themselves, then a very different question would have been presented, in reference to which it is not now necessary to express any decided opinion. But it may admit of doubt whether, under our system, where the same Court administers both law and equity, and the dis-

tinction in pleading is abolished, the former rule would apply, without qualification.