[In Bank — July 30, 1883.]

# B. F. WARRING, RESPONDENT, *v.* J. B. FREEAR, APPELLANT.

FINDINGS — GENERAL VERDICT — PRACTICE. — In an equity case, where issues are submitted to a jury, their verdict is merely advisory to the court. The adoption of a verdict is equivalent to a finding by the court to the extent to which the verdict covers the issues made by the pleadings. It is the duty of the court, when it adopts a verdict, to find upon all the issues not covered by it unless such findings are waived.

ID. — SPECIAL ISSUES. — The court should direct proper issues to be framed upon the pleadings. and submitted to the jury, who should respond to all the issues submitted to them. A general verdict should be disregarded.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Blackstock & Shepherd* and *John F. Godfrey*, for Appellant argued that there was no finding upon the material issues; that the verdict was not sufficient to support the judgment, citing *Campbell* v. *Buckman*, 49 Cal. 362; *Ladd* v. *Tully*, 51 Cal. 277; *Speegle* v. *Leese*, 51 Cal. 415; *Paulson* v. *Nunan*, 54 Cal. 123; *N. P. R. R. Co.* v. *Reynolds*, 50 Cal. 91; *Dowd* v. *Clarke*, 51 Cal. 262; *Kennedy* v. *Berry*, 52 Cal. 87.

*Williams & Williams,* and *C. A. Storke,* for Respondent.

Having failed to ask for a special verdict the defendant cannot object to the general verdict.    (Code Civ. Proc. § 625.)

The verdict, that plaintiff is entitled to forty-five inches of water, sufficiently determines all the material issues.    The plaintiff could claim no more than forty-five inches, and the defendant is entitled to the remainder.

McKEE, J.— This case arises out of an action to enjoin the defendant from maintaining a dam across a running stream of water in Ventura County, known as the Arroyo Circo, and from interfering with the accustomed flow of water therein.

According to the statement in the complaint, of the plaintiff's cause of action, the plaintiff claimed to have acquired the right, by appropriation and use from November, 1869, until March, 1881, to "all the water of the stream to the extent of sixty square inches measured under a four-inch pressure, for irrigation and domestic purposes."

The right thus asserted by the plaintiff was denied by the defendant, who claimed by his answer to have been a riparian owner on the stream, from the month of May, 1869, until the commencement of this action; and, as such, was entitled to use, and had used, peaceably and continuously, from May, 1869, the water of the stream for watering his animals and for other domestic purposes; and he admitted that he had, in March, 1881, built a dam across the creek on his land, about 80 rods above the plaintiff's dam, by means of which he diverted about half the water flowing in the stream, for his stock and his natural wants, and for irrigating about one acre of his land, which he had set out in vines and fruit trees.

As shaped by the pleadings, the controversy between the parties therefore involved issues of fact as to the respective rights of the parties to the water of the stream.    And, as the plaintiff sought to enjoin the defendant from any interference at all with the water flowing in the stream, it became the duty of the court to try and determine the issues raised by the pleadings and to pass upon the rights claimed by each of the parties, subject, of course, to its power to order any or all of such issues to be tried

by a jury. (§ 592, Code Civ. Proc.) But, in exercising such power, the court should direct proper issues to be framed upon the pleadings and submitted to the jury (*Curtis* v. *Sutter*, 15 Cal. 263), and the verdict of the jury must respond to all the issues submitted to them. A general verdict is insufficient and should be disregarded (*Brandt* v. *Wheaton*, 52 Cal. 430), and even a special verdict is only advisory to the court. It may be set aside, or disregarded, or adopted.

In this case the issues were submitted generally to the jury. The verdict returned was as follows: —

" We, the jury, find that the plaintiff is entitled to forty-five inches, under a four-inch pressure, of the waters of Circo Creek, described in the complaint; and we further find that he has been damaged in the sum of one dollar by reason of the unlawful diversion of said waters by the defendant."

Upon adopting the verdict, it became the equivalent of a finding by the court, but it did not cover the issues raised by the pleadings. Where the verdict of a jury, in an equity case, does not respond to all the issues, it becomes the duty of the court, if it adopts the verdict as far as it is responsive to the issues, to proceed and find, upon the evidence which has been given and any other which may be offered by the parties, as to the other issues not covered by the verdict (*Bates* v. *Gage*, 49 Cal. 126; *Wingate* v. *Ferris*, 50 Cal. 105); and to make and file its decision in writing, stating the facts found and the conclusions of law drawn therefrom, as required by sections 632, 633, Code of Civil Procedure. Until such a decision has been made and filed, the case cannot be considered as tried (*Hastings* v. *Hastings*, 31 Cal. 95), unless the filing of such a decision has been waived.

There was no waiver of findings in this case; and as the court failed to ascertain and determine the rights of each of the parties to the use of the water of the stream in controversy, the judgment and order denying the motion for a new trial must be reversed and the cause remanded for a new trial. It is so ordered.

MYRICK, J., SHARPSTEIN, J., THORNTON, J., ROSS, J., and McKINSTRY, J., concurred.

Rehearing denied.