[No. 7762. In Bank.—May 19, 1885.]

JAMES M. LEARNED ET AL., RESPONDENTS, *v.* C. C. CASTLE ET AL., APPELLANTS.

EQUITY—GENERAL VERDICT—FINDINGS.—No judgment can be entered on a general verdict rendered by a jury in an equity case, and a judgment thus entered will be reversed for a failure of the court to find upon the issues.

ACTION TO ABATE A NUISANCE COMMENCED UNDER FORMER CONSTITUTION.—An action to prevent or abate a nuisance under the former Constitution of this State was a case in equity, and where such action was pending in one of the late District Courts at the time of the adoption of the Constitution of 1879, its character as a suit in equity is not changed.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*J. B. Hall, J. H. Budd, J. C. Campbell, F. T. Baldwin,* and *A. P. Catlin,* for Appellants.

*Terry & Terry*, and *W. L. Dudley*, for Respondents.

Ross, J. — This action was commenced in one of the late District Courts, while the late Constitution was in force, to procure the abatement of alleged nuisances and the recovery of damages alleged to have been occasioned the plaintiff thereby. A demurrer interposed to the complaint was overruled by the District Court and subsequently the case was tried in the Superior Court.

If the action is one in equity, the general verdict rendered by the jury in the court below is not determinative of the issues made by the pleadings, and the judgment must be reversed for a failure of the court to find upon such issues. (*Warring* v. *Freear*, 64 Cal. 54.) It was only because the action was a case in equity that the District Court had jurisdiction of it. The Constitution then in force gave the District Courts existing under it original jurisdiction " in all cases in equity," and to the County Courts existing under it, it gave original jurisdiction " of actions to prevent or abate a nuisance." It was held here in a number of cases that the District and County Courts had concurrent jurisdiction of such actions — the County Courts, by reason of the jurisdiction in terms conferred upon them by the Constitution, and the District Courts, because of the jurisdiction conferred upon them " in all cases in equity." (*Courtwright* v. *Bear River Mining Company*, 30 Cal. 576; *Yolo County* v. *Sacramento*, 36 Cal. 193.)

The case at bar being one in equity when commenced, and pending in the District Court, it would seem sufficiently clear that its character was not changed by the fact that the Constitution of 1879 abolished the District Courts and created Superior Courts. Under the provisions of that instrument the newly created Superior Courts succeeded to the business pending in the District Courts and actions then pending, except as in the Constitution otherwise provided, continued and remained unaffected by the adoption of the Constitution. (Article xxii.) There being nothing in the Constitution of 1879 manifesting an intent to change the character of actions pending at the time of its adoption in the District Courts, for the prevention or abatement of nuisances from cases in equity to actions at law, it

follows that such actions retained their former characteristic notwithstanding the change of Constitutions. This view renders it unnecessary to consider whether actions commenced in the Superior Courts for the prevention or abatement of nuisances under the provision which gives to such courts original jurisdiction " in all cases in equity," and . . . . " of actions to prevent or abate a nuisance," are cases in equity or actions at law.

Judgment and order reversed and cause remanded for a new trial.

MORRISON, C. J., SHARPSTEIN, J., McKINSTRY, J., MYRICK, J., McKEE, J., and THORNTON, J., concurred.