[No. 9543.   Department One.— August 18, 1885.]

J. B. HAGGIN, RESPONDENT, v. A. F. RAYMOND ET AL.,
APPELLANTS.

EJECTMENT — CROSS-COMPLAINT — SPECIFIC PERFORMANCE — FINDINGS — VERDICT. —
In an action of ejectment, where the defendant files a cross-complaint for
the specific performance of a parol contract for a lease of the land in con-
troversy, the issues so raised constitute a case in equity, and the verdict of a
jury thereon is merely advisory, and may be disregarded by the court.

APPEAL from a judgment of the Superior Court of Sacra-
mento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. H. McKune, Elwood Bruner,* and *A. P. Catlin,* for Appel-
lants.

*H. O. & W. H. Beatty,* for Respondent.

BELCHER, C. C.—This is an action of ejectment. The
defendants answered, admitting the plaintiff's ownership of the
demanded premises, and setting up by way of cross-complaint
that they entered upon the premises and made valuable improve-
ments thereon under a parol contract that the plaintiff would
give them a written lease of the premises for a number of years;
and they prayed for a decree compelling a specific performance
of the contract.

When the case came on for trial the court ruled that the issues
made by the cross-complaint and the answer thereto, must be
first tried, and at request of defendants impaneled a jury to find
upon those issues.   At the close of defendants' testimony the
court, on motion of plaintiff, granted a nonsuit as to the cross-
complaint.

The defendants then waived a jury trial of the issues arising
upon the plaintiff's complaint and their answer thereto, and the
case was tried by the court.   Judgment was rendered in favor
of the plaintiff, and from that judgment and an order denying a
new trial this appeal is taken.

There was no error in granting the nonsuit.   The facts stated
and the relief asked in the cross-complaint constituted a case in
equity, and it is well settled that in such a case the verdict of a

jury is merely advisory and may be disregarded by the court. (*Bates* v. *Gage*, 49 Cal. 126; *Johnson* v. *Powers*, 65 Cal. 179; *Sweetser* v. *Dobbins*, 65 Cal. 529.)

The court found upon all the issues raised by the complaint, the cross-complaint and the answers thereto, against the defendants. It is now insisted that these findings were not justified by the evidence, and that the judgment should therefore be reversed.

We have carefully read over all the testimony found in the transcript, and are unable to agree with the views of the appellants. It would subserve no useful purpose to state the testimony at length, but we think it clearly appears that Mackay, plaintiff's agent, never pretended to have any authority to make leases, even for a year, and that plaintiff never held him out as an agent for that purpose. It does not clearly appear that Mackay ever made the agreement set up in the cross-complaint, and if it did there is nothing to show that the plaintiff knew of, or in any way ratified the unauthorized act.

The defendants had a lease for the year 1882, and they paid the rents; but the fact that the plaintiff received those rents could not have the effect to ratify the alleged agreement for a lease for three years, with a privilege of two years more.

The judgment and order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.