# EVANS v. ROSS.

## No. 9188; September 30, 1885.

### 8 Pac. 88.

**Waters.—Actions to Restrain the Diversion, Obstruction, and Use** of waters of a stream, and for damages for the same, are suits in equity to abate nuisances.

**Equity—Verdict of Jury.—In a Suit in Equity, the Court may Order** a jury, though the party is not entitled thereto; but, in such case, the verdict of the jury on the issues submitted by the court is advisory only, and it may be adopted or rejected by the court. A general verdict is insufficient, and a refusal to instruct a jury in such cases to find a general verdict is not error.

**Waters.—Five Years' Adverse Possession is Sufficient to Bar an Action** to enforce a water right.

**Waters—Diversion of Water—Joint Action for.—Where each** of two defendants made diversion of water for his own benefit, separately from, and without any collusion, arrangement, or understanding with, his codefendant, and without any consent or joint action between them, a joint action to recover damages for such diversion is not maintainable against them.

APPEAL from Superior Court, County of Lassen.

E. V. Spencer for appellants; J. D. Goodwin for respondents.

THORNTON, J.—This is an action to recover damages for the obstruction, diversion, and use of the water of a stream, and for an injunction restraining defendants from continuing such obstruction, diversion, and use. The court below, on the trial, submitted a number of special issues to a jury, which were answered by it. Before the jury retired, counsel for plaintiff demanded of the court that the jury be allowed to bring in a general verdict, in addition to the verdict on the special issues submitted. This the court refused, and plaintiff excepted.

The court did not err in refusing the demand of plaintiff. The case is one in equity. This was so held in Courtwright v. Bear River etc. Min. Co., 30 Cal. 576, Yolo Co. v. Sacramento, 36 Cal. 193, and Learned v. Castle, 67 Cal. 41, 7 Pac. 34. In Yolo Co. v. Sacramento, the court used this language: "But we do not consider that the abatement of a nuisance, and the recovery of damages therefor, are distinct causes of action in the sense of the rule invoked by the demurrer. The nuisance is the cause of action. The abatement and damages therefor are merely different kinds of relief to which the plaintiff may be entitled."

In the case under consideration, the prayer is for an injunction enjoining and prohibiting the defendants, etc., from in any way obstructing or diverting the waters of said creek, etc. The prayer is not in so many words for removing and abating a nuisance, but equivalent words are used. Under such a prayer, a mandatory injunction could be granted for abating the obstruction of the water by a removal of it. With this form of prayer we hold it to be an action for abating a nuisance; and that the diversion of a watercourse is a nuisance was held in Tuolumne W. Co. v. Chapman, 8 Cal. 392. See, also, Parke v. Kilham, 8 Cal. 77, 68 Am. Dec. 310. It is well settled that a party is not entitled to jury in an equity case. It is in the discretion of the court in such a case to call a jury. When a jury is called, the court directs proper issues to be framed and submitted to it. The verdict on

these issues is only advisory to the court, and it may adopt the findings of the jury, or reject them and itself find the facts: Warring v. Freear, 64 Cal. 56, 28 Pac. 115. A general verdict is insufficient and should be disregarded: Brandt v. Wheaton, 52 Cal. 430.

By reason of what is said above, the court did not err in its ruling as to a general verdict. It also follows from what is said above that the court did not err in setting aside the verdict of the jury and finding the facts itself. Neither did it err in denying plaintiff's motion for judgment on the verdict. The findings sustain the judgment in favor of defendant Ross. The twenty-third finding is as follows: "That since the year 1862, until the commencement of this action, defendant Ross has continuously and uninterruptedly, during the irrigating season of each year, so long as there was sufficient water in the creek, diverted and used the said water of said creek, to the extent of one hundred and forty-nine inches measured under a four-inch pressure, through the dams and ditches heretofore described, on the west side of said creek; that he has used the same for irrigating his said lands as before described, claiming all the time the right to do so as against the whole world; that such diversions, use, and claim of right have been with the full knowledge of plaintiff and his grantors. I find, also, that Ross' use of water has been adverse and hostile to plaintiff, and an injury to plaintiff. I find further that plaintiff and his grantors have never allowed five days to elapse without protesting and objecting to the same."

That an action to enforce the right to water can be barred by five years' adverse possession we consider settled in this state by the cases of Union Water Co. v. Crary, 25 Cal. 509, 85 Am. Dec. 145, and Davis v. Gale, 32 Cal. 35, 91 Am. Dec. 554. In the case first cited from 25 Cal., the court used this language: "The right of the first appropriator may be lost, in whole or in some limited portions, by the adverse possession of another. And when such person has had the continued, uninterrupted, and adverse enjoyment of the watercourse, or of some certain portion of it, during the period limited by the statute of limitations for entry upon lands, the law will presume a grant of the right so held and enjoyed by him."

35

The finding above quoted shows a use and diversion of the water of the stream in controversy by defendant Ross, for irrigating his lands during the irrigating season, for more than five years before the commencement of the action, continuously and uninterruptedly during such season in said years, to the extent of one hundred and forty-nine inches under a four-inch pressure, through the dams and ditches mentioned in the finding; that this use was made under a claim of right adverse and hostile to the plaintiff; that this use and diversion were made with the knowledge of the plaintiff, and were injurious to him. We think that this finding determines the defense of the statute of limitations in favor of defendant Ross to the extent of the one hundred and forty-nine inches under a four-inch pressure above mentioned.

We find no error in the judgment against Ross. The same is true as to defendant Williams. The plaintiff was entitled to the injunction against Williams awarded by the judgment. But it is contended that, inasmuch as the court found that plaintiff was damaged by the acts of Williams to the extent of seven hundred and fifty dollars, he is entitled to judgment against Williams for that amount. In answer to this, we have to say it was pleaded by Williams that he was improperly joined as a defendant with Ross in this: that the use and diversion of the water made by him was made for his own benefit, separately from, and without any collusion, arrangement, or understanding between him and his codefendant, and without any consent of, or joint action between, them. The court found that all the acts done by defendants (referring to the acts of use and diversion of water) were done while acting severally and not in concert or collusion. The damage caused by each defendant was several, and no action could be maintained against them jointly for it.

We find no error in the record and the judgment is affirmed.

I concur: Morrison, C. J.

MYRICK, J., Concurring.—I concur in the foregoing opinion (and in the judgment) in all respects, except where it is held that the diversion of water is a nuisance. On that point I express no opinion. That the case is one in equity I have no doubt.

I concur in the judgment: Ross, J.