[No. 13304. Department Two. — June 30, 1891.]

JAMES J. CUMMINGS, RESPONDENT, v. THEODORE B. ROSS ET AL., APPELLANTS.

NEW TRIAL — STATEMENT — SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE. — The party moving for a new trial on the ground of the insufficiency of the evidence must specify in the statement the particulars wherein the evidence is alleged to be insufficient, and any specification not made cannot be considered.

ID. — GENERAL SPECIFICATIONS. — Specifications of error, in a suit in equity, as to the insufficiency of the evidence to sustain the decision, which are not directed at any particular one of numerous findings of fact upon the various issues involved, but at all of them, at the verdict of the jury upon an issue submitted to them, which was adopted by the court, and a finding made thereon, and at the judgment, are insufficient.

MECHANIC'S LIEN — CONTRACT — EXTRA WORK — EVIDENCE — REBUTTAL — PROOF OF FRAUDULENT CONTRACT — MISREPRESENTATION.— In an action to foreclose a mechanic's lien for work done in the construction of a building, where an issue is raised as to the performance of work alleged to have been done under a contract described in the complaint, and the answer alleged another contract, including extra work sued for by the plaintiff upon a *quantum meruit* count, it is competent for the plaintiff, when such other contract is introduced in evidence by the defendant, to show in rebuttal that he signed it under the defendant's fraudulent misrepresentation, and never intended to sign such a contract, and supposed he was signing the one sued upon.

VERDICT IN EQUITY CASE — SETTING ASIDE INADVERTENT JUDGMENT — ADOPTION OF VERDICT — FINDINGS — NEW JUDGMENT.— The court may properly set aside a judgment entered upon the verdict of a jury in an equity case, where it appears that it had been inadvertently entered by the clerk, without judicial sanction, when other issues of fact remained to be determined by the court, and the court may proceed with the trial of such issues, and may adopt the advisory verdict of the jury upon the special matter therein involved, make findings as to the other issues, and have a new judgment entered.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*George Lezinsky*, for Appellants.

*Langhorne & Miller*, for Respondent.

FOOTE, C. — This action is to foreclose a mechanic's lien, and the complaint sets forth two counts, — the first

for the recovery of $163.72, unpaid, under a contract for $525, and the second for recovery on a *quantum meruit* of a balance of $213.83, unpaid, of the sum of $567.55. Attorney's fees for one hundred dollars, and costs, are also claimed.

The defendant Ross, in his answer, among other things, admitted the contract for $525, and claimed to have paid all he owed thereunder, and alleged another contract to have been made between the parties for $325, which included all of the work done and performed as to the second cause of action stated, and further alleged that the whole sum due the plaintiff by defendant, upon any ground, was the sum of $109.50, of which tender of payment had been made to and refused by the plaintiff.

The question as to what amount was due for all the work done was, by consent of both parties, upon a suggestion of the court, submitted to a jury, who, upon that special issue, found for the plaintiff in the sum of $289.15.

By inadvertence, the clerk entered up a judgment upon this verdict, when the other issues as to the existence of a mechanic's lien, amount of attorney's fees due, counterclaim set up by defendant, etc., remained undetermined by the court. Upon this being brought to its attention within a reasonable time, the judgment was set aside, and evidence had as to the other matters involved. Thereupon the court adopted the advisory verdict of the jury upon the specific matter therein involved, and made findings as to the other issues, upon which a decree and judgment was duly given, made, and entered, enforcing the lien, etc. From that, and an order denying a new trial, this appeal is taken.

The first point made for a reversal of the judgment and order is, that the evidence is insufficient " to sustain the judgment." The reason given in the appellant's points and authorities being, that each cause of action

was based upon work performed in constructing a different story of the building; that the evidence did not show the extent of extra work done upon each story; and as the defendant claims no extra work under the contract was to be allowed as to the work performed on one of the stories, the judgment cannot stand.

The particulars in which the evidence was stated, in the first specification of the insufficiency of the evidence to sustain " the verdict, findings, and judgment," does not contain anything which points to the question raised, and hence it was not fairly called to the attention of the trial court, and was therefore not to be considered. It nowhere appears therein that the evidence was alleged to be insufficient to show that any specific part of the work was unperformed, or that the value of any specific part thereof remained unproved. It is thus stated: "The evidence is insufficient to sustain the verdict, findings, or judgment, for the reason that there is no testimony proving what was the value of said work, or that the same was ever performed, as alleged in the amended complaint."

This could only have reference to the whole work claimed to have been performed under both counts of the complaint; that performed by virtue of the contract; that under a *quantum meruit*; and that claimed for extra work under both contracts.

The only other respect in which the evidence is specified to be insufficient is thus stated: "The evidence shows that the entire amount due to the plaintiff was not more than the sum of $850, and that all of such sum had been paid."

This certainly does not intelligibly assert that the evidence was insufficient to show upon which story of the building the extra work was proved to have been done.

The party moving for a new trial for insufficiency of evidence must specify in the statement the particulars wherein the evidence is alleged to be insufficient, in

order that the trial court and counsel may have their attention directed to the particulars relied on by the moving party, to the end that the evidence bearing on the specifications of error might be inserted in the statement and considered by the court. (*Eddelbuttel* v. *Durrell*, 55 Cal. 279; Code Civ. Proc., sec. 659, subd. 3.)

Besides, the specifications as to the insufficiency of the evidence to sustain the decision are not directed at any particular one of the numerous findings of fact upon the various issues involved here, but at all of them; at the verdict which was adopted by the court, and a finding made thereon (the case being one in equity), and at the judgment. This renders the specifications as set out in the statement and relied on to show error insufficient, under the rule declared by the appellate court of this state. (*Coveny* v. *Hale*, 49 Cal. 555; Hayne on New Trial and Appeal, sec. 150.)

It is further contended that the court below erred in allowing the plaintiff to show that a certain written contract introduced by defendant was signed by the plaintiff, through the misrepresentation of the defendant, and that the plaintiff had never intended to sign that contract, but supposed he was signing one which had before that been drawn up in lead-pencil.

The action was brought on a contract such as the lead-pencil draught contained, and the defendant, in the answer, denied the performance of the contract as sued on. When he introduced the written contract to show the real nature of the transaction as he claimed, it was competent for the plaintiff, in support of the issue made, to show that in point of fact he had made no such contract as defendant had brought forward in evidence.

One cannot be made to stand on a contract he never intended to make. If the defendant had sued the plaintiff, and sought to charge him on such a contract, it would certainly be competent, in defense, to show that

the instrument was fraudulent.   The evidence admitted was, in effect, to accomplish just such a purpose.

The verdict rendered by the jury was upon a special issue advisory to the court, submitted by consent of all the parties, and it was not error on the part of the court to instruct the jury as it did.

The setting aside of the judgment upon the verdict in an equity case, which judgment had been inadvertently entered by the clerk, without judicial sanction, and when other issues of fact remained yet to be determined by the court, and the trial of those issues upon the evidence introduced, the adoption of the advisory verdict and finding thereon, and the other issues, was proper, and as no error appears in the record, we advise that the judgment and order be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.