[S. F. No. 7084. .In Bank.—February 15, 1915.]

PATRICK HOLLAND, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO Respondent.

APPEAL—JUGDMENT INADVERENTLY ENTERED BY CLERK IN EQUITY CASE—INCLUSION OF IMMATERIAL MATTERS IN BILL OF EXCEPTIONS—MANDAMUS.—On an appeal from a judgment in an equity case, purporting to be based on the verdict of a jury and attempted to be entered by the clerk without findings of fact or conclusions of law signed by the judge, matters occurring subsequent to the date of such judgment, viz., an order by the court purporting to vacate and set aside such judgment on the ground that it was inadvertently entered, findings of fact and conclusions of law signed by the judge, and a judgment based on such findings, are immaterial to the appeal, and should not be inserted in a bill of exceptions to be used thereon. Being immaterial, their recital in the bill of exceptions is without prejudice to the appellant, for they will be disregarded in the disposition of the appeal. They will not be stricken out by writ of mandate, even if such proceeding will lie to compel the striking out of matter from a settled bill of exceptions.

APPLICATION for a Writ of Mandate directed to the Superior Court of the City and County of San Francisco and to George A. Sturtevant, Judge thereof.

The facts are stated in the opinion of the court.

W. E. Cashman, and R. M. F. Soto, for Petitioner.

William A. Kelly, for Respondent.

THE COURT.—Patrick Holland applied for a writ of mandate to require the respondent judge of the superior

court to certify as correct a certain offered bill of exceptions (a copy of which is included in the petition) if he finds it to be correct, or to fix a time and place for the settlement of a proper bill of exceptions, excluding therefrom all matters occurring after the entry of a certain purported judgment of December 19, 1913, and particularly those things which happened after January 9, 1914.

Respondents filed both a demurrer and an answer to the petition.

From the petition it appears that Patrick Holland filed a complaint in equity, naming Julia McCarthy as the principal defendant. Issue was joined and the case was tried before the Hon. George A. Sturtevant, judge of the superior court, and a jury. A verdict on three of the counts was rendered in favor of defendant McCarthy on December 18, 1913, and on the following day the clerk of the court entered that which purported to be a judgment based thereon. On January 2, 1914, Patrick Holland, the plaintiff, appealed from said judgment. On January 3d he filed his undertaking on appeal and on the 14th of the same month gave notice of such filing to the defendant Julia McCarthy. Later he served upon the said defendant his proposed bill of exceptions, and on April 20, 1914, she served upon Patrick Holland her proposed amendments thereto, which were not accepted by him. On April 30, 1914, the bill and the proposed amendments were delivered to the clerk for the judge and later counsel met the respondent judge for the purpose of settling the bill of exceptions. By his attorney, Patrick Holland consented to one of the amendments, but objected to all of those proposed which related to matters occurring after December 19, 1913, and after the service of the proposed bill of exceptions. The respondent judge overruled these objections and directed the attorney for Julia McCarthy to rewrite the bill of exceptions, including the proposed amendments and such written formal objections as might be submitted by the representative of Patrick Holland. He also directed counsel for the respective parties to return at some other time. On May 1, 1914, Patrick Holland served his formal written objections to defendant's proposed amendments. On May 5, 1914, the attorney for Mr. Holland wrote to the attorney for Julia McCarthy, telling him that the judge was ready to sign a certain bill of exceptions, a copy of which was sent with the letter, and in-

forming him that the engrossed bill would be presented to the said judge at a certain hour of that day. Julia McCarthy's attorney did not attend at the hour named and the judge signed and certified a document which was intended to be the engrossed bill for the use of Patrick Holland on his appeal from the judgment of December 19, 1913. Subsequently Patrick Holland served notice of motion to strike out the bill of exceptions filed May 5, 1914; to authenticate and certify a form of a bill of exceptions served with the notice; or to fix a time for the settlement of said Holland's proposed bill. This motion was fully heard and the judge stated that he would not settle nor allow any bill of exceptions to be used on the appeal from the judgment of December 19, 1913, unless said bill should contain a statement of matters which occurred subsequent to that date. These matters were: 1. An *ex parte* order made by the court of its own motion on April 1, 1914, purporting to vacate and set aside the judgment of December 19, 1913, and directing counsel for Mrs. McCarthy to prepare findings of fact and conclusions of law; 2. Findings of fact and conclusions of law signed and filed April 1, 1914; and, 3. A judgment based upon said findings and conclusions, and entered on April 2, 1914.

Petitioner also asserts that during the hearing of his motion on June 26, 1914, the judge wrote upon the bill of exceptions previously signed by him the words "and the said bill is hereby settled and allowed as such" and that said bill was never refiled after said addition to it.

The *ex parte* order which petitioner desires to have eliminated from the bill of exceptions recites that the judgment of December 19, 1913, was inadvertently entered, the inadvertence "consisting in this, that said judgment was entered by said clerk before making and signing and filing of findings of fact and conclusions of law in said action and before the rendition by said court of any judgment in said action said judgment so entered as aforesaid having been entered by said clerk upon the verdict of the jury in said action."

Petitioner contends that by the perfecting of his appeal from the judgment of December 19, 1913, the court lost all jurisdiction over the judgment and was divested of all power to impair the efficacy of that appeal by supplying omitted findings or in any other manner. In this behalf he cites such cases as *Livermore* v. *Campbell,* 52 Cal. 75; *People* v. *Center,*

54 Cal. 236; *Parkside Realty Co.* v. *MacDonald,* 167 Cal. 342, 343, [139 Pac. 805], and *Peycke* v. *Keefe,* 114 Cal. 212, [46 Pac. 78].

Respondent, on the other hand, contends that the judgment in question was a nullity and that therefore the lower court retained jurisdiction to set it aside and to enter a proper judgment based upon the decisions, findings, and conclusions of the court rather than upon the verdict upon which the clerk erroneously acted without direction from the court. Respondent's position is this:

1. In an equity case the trial is not terminated when the jury renders its verdict but when the court renders a judgment (citing *Bates* v. *Gage,* 49 Cal. 126; *Warring* v. *Freear,* 64 Cal. 54, [28 Pac. 115]; *Bell* v. *Marsh,* 80 Cal. 411, [22 Pac. 170]; *Spottiswood* v. *Weir,* 66 Cal. 525, [6 Pac. 381]; *Reclamation District* v. *Thisby,* 131 Cal. 574, [63 Pac. 918].)

2. The premature entry of the judgment of December 19, 1913, was a clerical misprision.

3. Such an error being clerical rather than judicial, may be corrected by the trial court at any time after appeal, if such correction do not affect substantial rights of the appellant (citing *Brady* v. *Burke,* 90 Cal. 1, [27 Pac. 52]; *City and County of San Francisco* v. *Brown,* 153 Cal. 644, [96 Pac. 281]; *Egan* v. *Egan,* 90 Cal. 15, [27 Pac. 22]; *San Joaquin L. & W. Co.* v. *West,* 99 Cal. 345, [33 Pac. 928]; *Fay* v. *Stubenrauch,* 141 Cal. 575, [75 Pac. 174]; *Boust* v. *Superior Court,* 162 Cal. 345, [122 Pac. 956], and other authorities).

4. This correction, or rather this entry of a directed judgment in place of the unauthorized one entered by the clerk, did not materially affect the rights of Patrick Holland.

Apparently the judge of the trial court has acted in the matter of settling a bill of exceptions to be used on the plaintiff's appeal from the purported judgment of December 19, 1913, and has settled such a bill. We are of the opinion that the judge erred in allowing to be inserted therein the matters occurring subsequent to the date of such judgment, which are hereinbefore specified, viz.: an order made April 1, 1914, by the court, purporting to vacate and set aside the judgment of December 19, 1913, etc.; findings of fact and conclusions of law signed April 1, 1914; and a judgment made April 2, 1914, based on such findings. These things have nothing to do with the question of the correctness of the

clerk's attempted judgment of December 19, 1913, and are absolutely immaterial considerations on the appeal therefrom. Being immaterial, their recital in the bill of exceptions cannot prejudice plaintiff, for they will be disregarded in the disposition of the appeal, and therefore plaintiff needs no relief in regard thereto. If on the appeal, the clerk's judgment is determined to have been invalid, it will be reversed. The question whether the lower court, assuming such a judgment to be and treating it as a nullity, had the power, after the appeal therefrom, to make findings and render its judgment, is one that will be determined on the appeal from the latter judgment, which appeal the petition shows has been taken by the plaintiff.

The granting of a writ of mandate is a matter within the discretion of the court. It should be granted where necessary to protect a substantial right, but should not be granted where no useful purpose will be subserved thereby. Besides, we do not understand that *mandamus* will lie to compel the striking out of matter from a settled bill of exceptions.

It follows from the foregoing discussion that the writ must be denied and it is so ordered.