[S. F. No. 7571.  Department Two.—December 24, 1917.]

## PATRICK HOLLAND, Appellant, v. WILLIAM A. KELLY, as Executor, etc., Respondent.

EQUITY—ACTION TO SET ASIDE DEED—QUIETING TITLE—TRIAL—VERDICT OF JURY—FINDINGS BY COURT.—An action to set aside a deed which is claimed to be fraudulent and to quiet the plaintiff's title is an action in equity, and in such case a general verdict rendered by a jury is not determinative of the pleaded issues, and the failure of the court to make findings is error requiring reversal of the judgment.

ID.—APPEAL—FINDINGS—FAILURE TO OBJECT TO MODE OF TRIAL.—Unless waived, findings must be made in an equity case, whether either party specifically demands findings or is silent upon the subject, and in such case a party does not, by making no specific objection to the form of a verdict, assent to the theory that the cause was a "law case."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

W. E. Cashman, and R. M. F. Soto, for Appellant.

William A. Kelly, for Respondent.

MELVIN, J.—Plaintiff appeals from a judgment in favor of Julia McCarthy, defendant's testate.

The suit was brought to obtain a judgment declaring a certain deed null and void and decreeing that it be canceled. Plaintiff also asked that the court should make a decree declaring him to be the owner of the property described in the deed; quieting his title as against Julia McCarthy; and enjoining the latter from asserting any estate, right or title to the land. There was also a prayer for general relief.

The deed in question was made by Mary Anne Holland, Patrick Holland's intestate, to Julia McCarthy, respondent herein. The complaint attacked this deed under four counts, declaring that it was void (1) because of the incompetency of the grantor, (2) because the deed was without consideration

and not signed by the grantor, (3) because of the alleged nondelivery of the instrument, and (4) because of the asserted undue influence exerted by Julia McCarthy over the mind and volition of Mary Anne Holland, producing the execution of the alleged deed.

Julia McCarthy answered, denying the allegations of the complaint and averring her own title to the property by virtue of the deed from Mrs. Holland. The cause was tried and submitted upon all of the alleged causes of action except the third. As to that count the court ordered a nonsuit. By their verdict the jury found "in favor of defendant and against the plaintiff upon counts one, two, four," and "in favor of plaintiff and against the defendant upon counts none." Judgment was thereupon entered in favor of the defendant.

Appellant contends that this is a suit of which a court of equity has exclusive jurisdiction; that in such an action the verdict of the jury is merely advisory and intended to enlighten the conscience of the chancellor; that a trial by jury in chancery may only be had upon issues specially framed under the court's direction; that, therefore, the general verdict cannot support the judgment; and, finally, that the absence of findings necessitates a reversal.

This matter has been before the court in an application for mandate to require the settling of a bill of exceptions. (*Holland* v. *Superior Court,* 169 Cal. 361, [146 Pac. 878].)

In the opinion in that proceeding we said: "Apparently the judge of the trial court has acted in the matter of settling a bill of exceptions to be used on the plaintiff's appeal from the purported judgment of December 19, 1913, and has settled such a bill. We are of the opinion that the judge erred in allowing to be inserted therein the matters occurring subsequent to the date of such judgment, which are hereinbefore specified, viz., an order made April 1, 1914, by the court, purporting to vacate and set aside the judgment of December 19, 1913, etc.; findings of fact and conclusions of law signed April 1, 1914; and a judgment made April 2, 1914, based on such findings. These things have nothing to do with the question of the correctness of the clerk's attempted judgment of December 19, 1913, and are absolutely immaterial considerations on the appeal therefrom. Being immaterial, their recital in the bill of exceptions cannot prejudice

plaintiff, for they will be disregarded in the disposition of the appeal, and therefore plaintiff needs no relief in regard thereto. If on the appeal, the clerk's judgment is determined to have been invalid, it will be reversed.''

This is an appeal from the judgment entered on verdict.

Respondent contends that the issues were of legal cognizance, and that in any view of the matter appellant is estopped to contend otherwise. In support of this theory respondent cites *Reiner* v. *Schroeder,* 146 Cal. 411, [80 Pac. 517]. In that case it was held that where a plaintiff has been ousted from possession and the question of ownership is in issue, the parties are entitled to a jury trial upon that issue and no findings are required thereon. But in that case the only essential controversy was whether or not defendant had wrongfully ousted plaintiff from possession of certain mining property, and, therefore, the action was one for the recovery of specific real property. (Code Civ. Proc., sec. 592.) The action at bar was very different. It was based upon matters of equitable cognizance. It was an action to set aside a deed declared to be fraudulent and to quiet plaintiff's title to the property described in such deed. In an action to quiet title a defendant is not entitled of right to a trial by jury, and a court is not bound by the verdict of a jury even where issues of fraud are involved. (*Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630]; *Angus* v. *Craven,* 132 Cal. 691–696, [64 Pac. 1091]; *Davis* v. *Judson,* 159 Cal. 121, [113 Pac. 147]; *Cobe* v. *Crane,* 173 Cal. 116, [159 Pac. 587].)

Equally untenable is respondent's assumed position that appellant is estopped to raise the points that there were no findings and that no special issues were presented to the jury. It is true that appellant made no specific objection to the form of the verdict, but it does not follow that thereby he assented to the theory that the cause on trial was a ''law case.'' Even conceding that by his conduct he waived the absence of special interrogatories, there is nothing to indicate in any way that he consented to have judgment entered without findings by the court. Unless waived, findings must be made in an equity case, whether it be tried with the aid of a jury or not, and whether either party specifically demands findings or is silent upon the subject. (*Haight* v. *Tryon,* 112 Cal. 4, [44 Pac. 318].) In an equity case a general verdict rendered by the jury is not determinative of the pleaded issues, and

a failure to find upon such issues is error requiring reversal of the judgment. (*Learned* v. *Castle,* 67 Cal. 41, [7 Pac. 34]; *Moore* v. *Copp, supra; Warring* v. *Freear,* 64 Cal. 54, [28 Pac. 115]; *Vallejo etc. R. R. Co.* v. *Reed Orchard Co. et al.,* 169 Cal. 545–558, [147 Pac. 238].)

Accordingly the judgment is reversed.

Henshaw, J., and Shaw, J., concurred.

Hearing in Bank denied.