[Civ. No. 9011. Second Appellate District, Division Two.—April 14, 1933.]

ALFRED WILLIAMSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

L. J. Faust for Petitioner.

No appearance for Respondent.

ARCHBALD, J., *pro tem.* — Petitioner was tried before a jury and convicted on two counts of forgery. At his request the trial court ordered a reporter's transcript made of the proceedings and the evidence. Petitioner objected to the transcript as filed, claiming that it was incorrect in certain specified particulars, the most important of which was in relation to what transpired when one of the jurors returned to the courtroom after being excused in order to go into the judge's chambers to answer a telephone call. The petition shows that the trial court heard the objections and made certain corrections in the transcript. We are asked by petitioner to compel such court to make a certain correction suggested by him in the objections which he filed and which were heard and determined by the court.

It would seem from an examination of the correction desired with the transcript as it now appears, as shown by the petition, that the court itself made a statement of what occurred which gives a better picture than the suggested correction.

Under section 953a of the Code of Civil Procedure, the trial court is the one to examine such a transcript, and it is its duty to see that the same is a "full, true and fair transcript of the proceedings had at the trial, the testimony offered or taken", etc. The petition before us shows

that the trial judge used his judgment in performing that duty, after considering the objections made by petitioner, and it does not show any abuse of such discretion. Nor does it appear from the petition that any substantial right of petitioner would be served by making the desired amendment. If any error was committed by the court it would seem to be as apparent from the reporter's transcript in its present condition as with the addition of the matter suggested. Under such circumstances the writ should not be granted. (*Holland* v. *Superior Court,* 169 Cal. 361, 365 [146 Pac. 878].)

Writ denied.

Works, P. J., and Stephens, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 12, 1933.