[L. A. No. 12839.   In Bank.—November 17, 1932.]

EDITH B. SHELDON, Respondent, v. LA BREA MATE-
RIALS COMPANY (a Corporation), Appellant.

Hugo Platz for Appellant.

Hulme, Hastings & Bartlett for Respondent.

CURTIS, J.—Action to quiet title to certain real property. Plaintiff claims title through foreclosure proceeding under a trust deed given to secure the payment of a promissory note. Ben C. Sheldon, the husband of the plaintiff, was the original owner of said real property. While such owner he sold and conveyed said real property to Lewis Wagner for the sum of $2,000, and received in payment thereof the sum of $400 in money and a promissory note for $1600 secured by said trust deed, which was duly recorded in the office of the county recorder of the county in which said real property was situated. Thereafter Wagner entered into a contract for the erection of a building upon said real property, and the defendant, La Brea Materials Company, furnished materials which were actually used in the construction of said building. The materials were not paid for, and said defendant duly filed for record in the office of said county recorder its claim of lien for the amount due and unpaid on account of said materials so furnished and used in the construction of said building. No question is made but that the trust deed under which the plaintiff claims title to said real property

was recorded prior to the date of the execution of any contract for the construction of said building, and prior to the commencement of said building, and prior to the time said defendant furnished any of said materials. Were the foregoing all the facts in the case, it is clear that plaintiff should prevail in the action. There are other and additional facts which the defendant contends give it a preference over the claim of the plaintiff and render whatever title plaintiff has in said real property subject to said lien of the defendant. These facts are that at the time of the execution of said trust deed, and as a part of the same transaction, Wagner also executed a grant deed of said real property in favor of the said Ben. C. Sheldon, and then and there delivered the same unto James Farraher under a joint power of attorney entered into by said Sheldon and Wagner whereby said grant deed was to be filed for record by said Farraher upon the default by said Wagner in carrying out the provisions of said trust deed. Wagner so defaulted and said grant deed was filed for record by said Farraher on or about the twentieth day of August, 1929. It might be well to state at this time that the original transaction between Sheldon and Wagner which culminated in the execution of said trust deed and said grant deed occurred on or about October 12, 1928, and each of said instruments is dated October 12, 1928, and that defendant's claim of lien was filed for record on March 23, 1929. Another fact to which the defendant attaches some importance is that Ben C. Sheldon some time subsequent to the execution of said promissory note and trust deed transferred said promissory note to his wife, the plaintiff herein, who thereafter foreclosed said trust deed on default in the payment of said promissory note. This transfer was made during the construction of said building and on or about February 14, 1929. Defendant contended at the trial and it makes the same claim here that there was a merger of the title to said real property in Ben C. Sheldon upon the execution and delivery by Wagner to the trustee therein named of said trust deed and by the delivery of said grant deed to Farraher to be held by the latter upon the terms and conditions above stated. The further contention was and is made that the transfer by Sheldon to his wife, the plaintiff herein, of said note

was a fraud upon defendant and others who may have furnished materials in the construction of said building. The trial court made findings in which the foregoing facts were embodied in full. It specifically found that there was no merger of title in Ben C. Sheldon by reason of the conveyances above referred to, and that the transfer of said promissory note secured by said trust deed by Sheldon to his wife was not a fraud upon the defendant or any of the lienholders furnishing materials or performing labor in the construction of said building.

The appeal by the defendant is before us under the alternative method provided by section 953a of the Code of Civil Procedure. The principal contention of appellant is that the title to said real property became merged in Ben C. Sheldon upon the execution and delivery of the two deeds, that is to say, the trust deed given to secure said promissory note, and the grant deed delivered in escrow to Farraher, and that as the title was thus merged in Sheldon, the trust deed was, in the language of some of the decisions, "annihilated". (*Estate of Washburn*, 11 Cal. App. 735 [106 Pac. 415]; *Erving* v. *Jas. H. Goodman & Co. Bank*, 171 Cal. 559 [153 Pac. 945].) In which event, defendant contends, Sheldon became the absolute owner of said real property at the date of the execution of said two deeds and remained such owner up to and after the time of the delivery of the building materials upon which defendant's claim of lien is based, and his interest, therefore, in said real property was subject to the lien of defendant for the materials so furnished.

"When a greater and lesser estate coincide and meet in one and the same person, in the same right without any intermediate estate, the latter is in law merged in the greater." (10 Cal. Jur. 606.)

"The whole title, legal as well as equitable, must unite in one and the same person. Where the two thus meet, without any intermediate estate, the less is immediately annihilated, or, in law phrase, 'merged'." (*Estate of Washburn*, 11 Cal. App. 735, 746 [106 Pac. 415].)

"Under ordinary circumstances where the holder of a mortgage acquires the estate of the mortgagor, the mortgage interest is merged in the fee and the mortgage is extin-

guished. This is the ordinary legal effect of the transaction, and ordinarily the intention is presumed to accord with the act accomplished." (*Anglo-Californian Bank* v. *Field*, 146 Cal. 644, 653 [80 Pac. 1080].)

In discussing the legal effect of a trust deed given to secure an indebtedness of the trustor, this court has said: "The nature of such an instrument has been extensively discussed by this court, and the sum and substance of such discussion is that while the legal title passes thereunder and the trustees cannot be held to hold a mere 'lien' on the property, it is practically and substantially only a mortgage with power of sale (citing cases). The legal title is conveyed solely for the purpose of security, leaving the trustor or his successors a legal estate in the property as against all persons except the trustees and those lawfully claiming under them. (Civ. Code, secs. 865, 866.) Except as to the trustees and those holding under them, the trustor or his successor is treated by our law as the holder of the legal title." (*MacLeod* v. *Moran,* 153 Cal. 97, 100 [94 Pac. 604].)

While the case from which the above quotation is taken and others from the appellate courts of this state hold that as between the trustor and the beneficiary a trust deed "is practically and substantially only a mortgage" and the legal title is in the trustor, they also hold that, as between all of the parties to the transaction, such an instrument conveys the legal title to the trustee. (*Weber* v. *McCleverty,* 149 Cal. 316, 320 [86 Pac. 706].) In that case we find the following language used by the court: "The deed of trust, therefore, vests in the trustee, for the purpose of the trust, the absolute legal title to the entire estate held by the trustor, immediately prior to its execution, and that estate must remain in the trustee for that purpose until the trust is either executed or ceases to exist by reason of payment of the debt." Further on in this same opinion (page 321) this court, drawing a distinction between a trust deed and a mortgage, says: "A mortgage or other encumbrance on land does not transfer the title, but leaves it vested in the mortgagor or owner."

There may be some doubt, therefore, whether the same rule as to merger of title would apply in case of a deed by the trustor to the beneficiary in a trust deed, as the cases hold

does apply in the case of a deed from the mortgagor to the mortgagee. In the former case, we have the outstanding legal title in the trustee, which has never been transferred to the beneficiary. The latter's title would, therefore, be at least incomplete, and possibly only of an equitable nature, while in the case where the mortgagor conveys the land to the mortgagee we have a complete union of the legal and equitable title in one and the same person. Counsel for the respective parties hereto have not attempted to adequately brief this question. Its decision is not necessary for the decision of this case. We therefore expressly refrain from deciding it.

█ Conceding, for the purpose of this case only, that ordinarily a merger of title would arise where the trustor grants to the beneficiary the interest of the former in real property subject to a trust deed, there are adequate reasons why no such merger of title can be held to have arisen under the facts present in the instant case. The grant deed from Wagner to Sheldon, while executed at the same time as the trust deed, was not delivered to Sheldon until long after the defendant had furnished the materials for which it now claims a lien. As we have seen, this grant deed was delivered to Farraher in · escrow to be held by him until Wagner should default in the payment of his promissory note secured by the trust deed, and it was so held by him until on or about August 20, 1929, when it was filed for record and thereafter delivered to Sheldon. This was long after defendant had furnished said materials— in fact, it was long after the defendant had instituted an action to foreclose its lien for the materials so furnished.

The present action is a proceeding in equity. (*Holland* v. *Kelly,* 177 Cal. 43 [169 Pac. 1000] ; *Cobe* v. *Crane,* 173 Cal. 116 [159 Pac. 587].) █ An action to foreclose a lien under the mechanics' lien law is equitable in character. "It is well established that equity will interpose to prevent a merger where from the circumstances it is apparent that it was not the intention of the grantee that a merger should take place; and where it appears to be for the interest of the grantee that there should be no merger of the lesser estate, such will be presumed to have been his intention. The rule is thus expressed by Mr. Jones: 'There is generally an advantage to the mortgagee in preserving

his mortgage title; and, when there is, no merger takes place. ■ It is a general rule, therefore, that the mortgagee's acquisition of the equity of redemption does not merge his legal estate as mortgagee so as to prevent his setting up his mortgage to defeat an intermediate title, such as a second mortgage or a subsequent lien, unless such appears to have been the intention of the parties and justice requires it; and such intention will not be presumed where the mortgagee's interest requires that the mortgage should remain in force. The intention is a question of fact.'" (*Hines* v. *Ward*, 121 Cal. 115 [53 Pac. 427].) We might multiply authorities to the same effect if necessary, but this principle of law is so firmly established that we refrain from doing so. There is no evidence of any intention of the parties that the lien of Sheldon under the trust deed should not remain in full force. In fact, the evidence is all to the contrary. The grant deed was expressly made subject to the lien of the trust deed given to secure the payment of "$1,600 in favor of Ben C. Sheldon". In the case of *Anglo-Californian Bank* v. *Field*, 146 Cal. 644, 653 [80 Pac. 1080], the court held: "But this rule [merger of title] is never applied where there is an intervening lien on the property, which it is to the interest of the purchaser to keep on foot, and where there is no evidence, direct or circumstantial, of an express intention to extinguish the first mortgage and hold subject only to the second. In such a case the legal title and first-mortgage lien will be considered as separate interests whenever necessary for the protection of the just rights of the purchaser."

■ Under the authorities above cited, it is clear that there was no merger of title in Sheldon, and, as his trust deed was of record prior to the commencement of the construction of the building upon said real property, defendant's lien for the materials furnished in the construction of said building was subsequent and subject to the lien of said trust deed. Under proceedings to foreclose said trust the plaintiff herein acquired title to said real property free and clear of any claim of said defendant.

■ There is no merit in defendant's contention that as the grant deed was delivered to Farraher, who had previously acted as Sheldon's attorney, said delivery was in

law a delivery to Sheldon himself. The grant deed was not delivered to Farraher as the attorney of Sheldon, but under a written agreement constituting him the joint agent of the parties to said deed. Delivery to him under such circumstances was not a delivery to Sheldon.

The further contention of defendant that the transfer by Sheldon of the note secured by the trust deed to his wife, the plaintiff herein, was a fraud upon the defendant and all others furnishing materials or performing work upon said building, seems to be based upon the assumption that such a transfer, if permitted to stand, would defeat a merger of the title in Ben C. Sheldon by reason of the execution and delivery of the deed of trust and grant deed as hereinbefore set forth in detail. As we have held that no such merger of title was accomplished by the execution and delivery of said two deeds, this contention of the defendant has no foundation to support it.

Our conclusions, as set forth herein, render it unnecessary for us to pass upon the question raised by the respondent as to the validity of said grant deed. Respondent contends that by it Wagner attempted to forfeit his equity of redemption in said real property contrary to the provisions of section 2889 of the Civil Code. The decision of this question may well be reserved to some future case, where its determination will be necessary to the decision therein.

The judgment is affirmed.

Langdon, J., Shenk, J., Seawell, J., Tyler, J., *pro tem.*, Preston, J., and Waste, C. J., concurred.