[Civ. No. 11023.   Second Appellate District, Division Two.—September 3, 1936.]

J. W. BATTEN et al., Respondents, v. MARY K. KERN, Appellant.

Clifford E. Hayes for Appellant.

C. Roy Smith for Respondents.

GOULD, J., *pro tem.*—Plaintiffs obtained judgment against defendant for $10,921.56, representing principal, interest and attorney's fees upon a promissory note executed and delivered by defendant to plaintiffs. Originally the note was secured by a second deed of trust upon real property, but the security was lost before the commencement of the within action by foreclosure of a first deed of trust upon the same property. Evidence at the trial disclosed that the parties hereto, either directly or through agents and intermediaries, conducted a series of negotiations looking to some adjustment of defendant's obligation after she had defaulted in certain interest. payments. Plaintiffs paid $450 cash to a third party to eliminate him as the title holder of the property, an escrow was opened for the purpose of transferring the title to defendant, and subsequently a trust agreement was entered into between the parties to this action whereby the real property was placed in the name of a corporate fiduciary, with provision for the application of rentals and income to indebtedness upon the property and stipulations as to the circumstances under which defendant might redeem the property and release it from the terms of the trust. This trust agreement also made specific provision for the transfer of the property to plaintiffs or their nominee in the event of certain contingencies. Defendant relied at the trial upon these last-mentioned provisions of the trust agreement as constituting in effect a transfer of the property to plaintiffs, and such transfer, it was argued, effected a merger of

the title with the lesser estate of plaintiffs' lien, thereby extinguishing the obligation which forms the basis of this suit. The trial court found against defendant's theory of merger, gave judgment for plaintiffs, and this appeal by defendant followed.

The most that can be said for defendant's position is that there was a conflict of evidence before the trial court which was resolved in favor of plaintiffs. Ample and satisfactory evidence from plaintiffs and other witnesses supports the court's conclusion that the negotiations which culminated in the final trust agreement were for the purpose, not of transferring title to plaintiffs but only of further securing plaintiffs' note by making the rents and income of the property applicable to the outstanding indebtedness. This purpose is evident from a reading of the trust indenture itself, and it is significant that nowhere is provision made in any contingency for the cancellation and extinguishment of plaintiffs' note except by payment thereof, and the note was never delivered into the escrow or trust. Satisfactory evidence appearing in support of the trial court's findings, this tribunal may not disturb them upon appeal.

Moreover, it is always a question of intent as to whether the lien of a mortgage is merged in the fee upon both being united in the same person. (*Scrivner* v. *Dietz,* 84 Cal. 295, 298 [24 Pac. 171] ; *Sheldon* v. *La Brea Materials Co.,* 216 Cal. 686 [15 Pac. (2d) 1098].) In the latter case the court says: "It is well established that equity will interpose to prevent a merger where from the circumstances it is apparent that it was not the intention of the grantee that a merger should take place". In the instant case the court found against the merger theory and specifically that "it was not intended that said note or deed of trust should be extinguished by said trust agreement". Supporting this finding we find in the record substantial and satisfactory evidence. It is admitted that no part of the indebtedness has been paid, and justice and equity, as well as the evidence, support the court's ruling against the theory of merger.

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 24, 1936.