**L. INGRAHAM, Plaintiff,**

v.

James A. WILLIAMS, also known as James Add Williams, James Williams, and James Bullins; Versey Williams, also known as Veralee Williams, his wife; California Pacific Title Insurance Company, a corporation, as trustee; United States of America, acting by and through the War Assets Administration; Bank of Commerce, also known as Oakland Bank of Commerce, a corporation, as trustee; Walter Lea, also known as Walter E. Lea; A. Dalmon, as trustee; S. O. Holmes; Clara Pawlas and John McIlhany, as trustees; B. H. Freeman, also known as B. N. Freeman, individually and doing business as Freeman Adjustment Bureau; United Laundry Company, a corporation, also known as United Laundry, Inc., a corporation, and as United Laundry, Incorporated, a corporation; Augustus A. R. Stephens; Peter J. Paletta and Harold T. Stewart, doing business as Paletta and Stewart Construction Company; E. W. Eaton; Louis A. Linsey, as trustee; Cecil E. Frothingham, also known as C. E. Frothingham; Anna L. Frothingham, also known as A. L. Frothingham, his wife; United States of America (tax liens); Doe One, Doe Two, Doe Three and Doe Four, Defendants.

No. 34003.

United States District Court
N. D. California, S. D.
March 16, 1959.

**2**

Robert J. Duggan, El Cerrito, Cal., for plaintiff.

James A. Williams, in pro. per.

Robert H. Schnacke, U. S. Atty., San Francisco, Cal., Helen A. Kelly, Asst. U. S. Atty., for defendant United States.

ROCHE, District Judge.

This suit to foreclose on a deed of trust was filed in the Superior Court of the State of California for Alameda County and removed to the United States District Court by defendant United States of America under the provisions of 28 U.S.C. § 1444 (1952). The real property in question (hereafter called the parcel) is located on Twenty-seventh Street near San Pablo Avenue, Oakland, California, and is described as follows:

> Lot 38, as said lot is shown on the Map entitled, "Map of the Milton tract, Oakland", filed September 15, 1885, in Book 11 of Maps, at page 9, in the office of the County Recorder of Alameda County.

Defendant James A. Williams, while owner of the parcel, granted four deeds of trust on it to secure promissory notes. The first deed of trust, in favor of the Central Bank (now First Western Bank & Trust Company), is not in issue because the parties agree that the Bank's lien is senior to all other encumbrances. The second deed of trust, which was assigned to plaintiff Mrs. Louise Ingraham, is the basis of the complaint for foreclosure. The third deed of trust, in favor of the United States of America, originally secured a note of Williams and now secures a personal judgment for $1,412.55 which the United States obtained on that note; the United States cross-claims for foreclosure on its deed of trust. The fourth deed of trust is not in issue because plaintiff acquired legal title under it at a trustee's sale.

The record discloses that Williams, who operated a laundry on the premises, conveyed the parcel in 1949 to United Laundry, Inc., which continued to operate the laundry on the premises. On April 1, 1950, United Laundry contracted with plaintiff for her to make advances on its bills; it deeded the parcel to plaintiff as security until such time as the advances were repaid. On November 1, 1950, United Laundry's powers as a corporation were suspended by the State of California for failure to pay its corporation tax. During 1950, plaintiff paid out $6,677.26 on bills of United Laundry. In addition, she has made payments of $9,194.32 on Williams' various notes which were secured by the deeds of trust of the parcel. She received $1,936 rent from the parcel from August 1951 to October 29, 1953.

On June 27, 1951, to protect her interest in the parcel, plaintiff bought the note secured by the second deed of trust and, on February 18, 1953, had the second deed of trust assigned to her. On February 11, 1952, to further protect her interest in the parcel, plaintiff purchased the fourth deed of trust; this deed of trust was foreclosed and, on October 29,

1953, plaintiff acquired legal title to the parcel by a trustee's deed.  On April 23, 1956, title to the parcel was quieted in plaintiff against certain purchasers of a deed at a sheriff's sale.

■ Although plaintiff already has legal title to the parcel as well as an equitable interest represented by the second deed of trust, plaintiff's equitable interest has not merged with her legal title because of the intervening lien of the United States.  See Sheldon v. Le Brea Materials Co., 1932, 216 Cal. 686, 15 P.2d 1098.  Upon considering the pleadings, the evidence, and the written memoranda of counsel, the court concludes that plaintiff is entitled to foreclosure on the second deed of trust.

With respect to the third deed of trust, plaintiff contends that the United States no longer has a right to seek foreclosure because, in 1953, the United States elected to sue defendant Williams on his note rather than to proceed against the security as directed by West's Ann.Calif. Code of Civil Procedure § 726.  The United States replies that its election to sue on the note is governed not by California law but by federal common law, under which the lien of the third deed of trust remains valid and subsisting.

■■ Since the court's jurisdiction in this case arises from the fact that the United States is a party, the law to be applied is federal in nature.  See Clearfield Trust Co. v. United States, 1943, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838. The court must determine the content of the federal law to be applied.  Paul J. Mishkin, in an article, "The Variousness of 'Federal Law': Competence and Discretion in the Choice of National and State Rules for Decision", 105 U.Pa.L. Rev. (1957), discusses the competing

considerations between adopting the various states' laws in defining the content of federal law and declaring an independent federal rule.  It is true that Congress has not established a body of law governing federal liens in general.  Yet the activities of the War Assets Administration, which sold items to Williams and took his note secured by a third deed of trust, are of sufficient national importance to cause this court to conclude that West's Ann.Calif.Code of Civil Procedure § 726 should not be incorporated in determining the content of the federal common law to be applied.  There are precedents in the federal courts and in the Supreme Court of California for the proposition that liens on California realty which are properly before a federal court may be enforced in a manner other than that prescribed by West's Ann.Calif.Code of Civil Procedure § 726.  Maxwell v. Ricks, 9 Cir., 1923, 294 F. 255, 42 A.L.R. 460; Dolbear v. Foreign Mines Development Co., 9 Cir., 1912, 196 F. 646, certiorari denied, 1913, 229 U.S. 621, 33 S.Ct. 1049, 57 L.Ed. 1355; Commercial Nat. Bank of Los Angeles v. Catron, 10 Cir., 1931, 50 F.2d 1023;  Bank of Italy Nat. Trust & Savings Ass'n v. Bentley, 1933, 217 Cal. 644, 20 P.2d 940, certiorari denied, 1933, 290 U.S. 659, 54 S.Ct. 74, 78 L.Ed. 571.  The court concludes that the federal rule stated in Ober v. Gallagher, 1876, 93 U.S. 199, 208, 23 L.Ed. 829,[1] should be followed in the case at bar and that the United States is entitled to foreclosure on the third deed of trust.

■ The remaining issue concerns defendant Williams' counterclaim against plaintiff for damages caused by an alleged breach by plaintiff of her contract with United Laundry.  Williams has failed to prove his case by a preponderance of the evidence.  He is not a party to the

[1]. "* * * The suit is in reality one to enforce a mortgage given to secure a note, but not commenced until after the note had gone into judgment at law.  The note was merged in the judgment: but the lien which secured it was not; that was simply transferred from the note to the judgment.

"An election to sue at law upon a note secured by mortgage does not make it necessary for the holder to exhaust his remedies in that forum before he can go into equity to enforce his mortgage.  He may proceed at law and in equity at the same time, and until satisfaction of the debt has been obtained."  93 U.S. 199, 208.

**4**

contract between plaintiff and United Laundry, and there is no evidence in the record that he has been damaged by plaintiff's actions under the contract. Williams has no rights to assert in behalf of United Laundry because the record shows that United Laundry's corporate powers, rights, and privileges have been suspended for non-payment of corporation tax. Such a corporation has no right to defend an action. Reed v. Norman, 1957, 48 Cal.2d 338, 309 P.2d 809; Boyle v. Lakeview Creamery Co., 1937, 9 Cal.2d 16, 68 P.2d 968. Therefore, the court must deny Williams' counterclaim.

This action having been tried before the court, the court finds as follows:

### Findings of Fact

1. On July 30, 1946, defendant James A. Williams made, executed, and delivered to Lowella V. Day his promissory note in the amount of $2,500 and secured the same by a deed of trust of even date, in which Clara Pawlas and John McIlhany were named as trustees, which was on September 5, 1946, recorded in Book 4955, page 494, Official Records of Alameda County, California, and which encumbered and included all that certain real property situated in the City of Oakland, County of Alameda, State of California and particularly described as follows:

> Lot 38, as said lot is shown on the Map entitled, "Map of the Milton Tract, Oakland", filed September 15, 1885, in Book 11 of Maps, at page 9, in the office of the County Recorder of Alameda County.

2. On the date of the execution of the note and deed of trust, and on the date of the recordation of the deed of trust, defendant James A. Williams was the owner of the real property, and at the time of the recordation of the deed of trust, it was and is a second lien upon the real property, second to and subject only to the following first lien:

> Deed of Trust and Assignment of Rents, dated August 15, 1946, executed by James A. Williams, a single man, to Corporation of America,

trustee, to secure to Central Bank the payment of $6,000 and any other amounts payable under the terms thereof, which was recorded on August 21, 1946, in Book 4945, page 489, Official Records of Alameda County, California.

3. On June 27, 1951, the promissory note described in paragraph 1 was negotiated to plaintiff, and she is now the owner and holder thereof. On February 18, 1953, the deed of trust described in paragraph 1 was assigned to plaintiff in writing, and that assignment was recorded on May 19, 1953, in Book 7033, page 82, Official Records of Alameda County, California, and plaintiff is now the owner thereof.

4. Defendant James A. Williams is in default in the payment of the principal and interest on the promissory note and deed of trust described in paragraph 1, and there now remains due, owing, and unpaid from defendant James A. Williams to plaintiff, on account of the promissory note, the sum of $2,500, with interest thereon at the rate of 5% per annum from July 30, 1946, in the amount of $1,562.50.

5. The terms of the deed of trust described in paragraph 1 provided that in the event defendant James A. Williams fails to pay and discharge liens and encumbrances on the premises before they become delinquent, plaintiff is authorized to pay and discharge the liens and encumbrances and the deed of trust shall continue as security for the sums of money so paid out.

6. From May 10, 1950, to February 24, 1959, plaintiff paid to Central Bank (now First Western Bank & Trust Company), the owner of the first deed of trust on the real property described in paragraph 1, the sum of $5,481.82 as and for the installments due on the note secured by the first deed of trust; defendant James A. Williams, at all times mentioned herein, has failed to pay the installments due on the lien of the first deed of trust before they became delinquent.

7. The terms of the deed of trust described in paragraph 1 provide that, in the event defendant James A. Williams is in default under the terms of the deed of trust, counsel fees in the sum of 5% of the balance due at the time of foreclosure shall become due and payable to plaintiff and secured by the deed of trust. The amount of these counsel fees is $477.22.

8. On May 11, 1948, defendant James A. Williams made, executed, and delivered to defendant United States of America a promissory note in the amount of $1,228.32 with interest at 7% per annum, to be paid in full by monthly installments not later than March 15, 1950, and secured the note by a deed of trust of even date, in which California Pacific Title Insurance Company was named as trustee, which was recorded on July 7, 1948, in Book 5546, page 525, Official Records of Alameda County, California, which deed of trust encumbered and included all that certain real property described in paragraph 1.

9. On the date of execution of the note and deed of trust in favor of defendant United States of America and on the date of recordation of this deed of trust, defendant James A. Williams was the owner of the real property, and at the time of recordation of the deed of trust it was a third lien upon the real property, subsequent to and subject to the liens described in pargraphs 2 and 1, in that order.

10. Defendant James A. Williams is in default in the payment of the principal and interest set forth in the promissory note and deed of trust described in paragraph 8. On October 7, 1953, there was duly entered in Civil Action No. 32633 in the United States District Court for the Northern District of California, Southern Division, a judgment for $1,412.55 in favor of the United States of America against James A. Williams on the promissory note. There now remains due, owing, and unpaid to defendant United States of America the sum of $1,412.55, with interest thereon at 7% from October 7, 1953, in the amount of $534.40.

11. Defendant United States of America has been at all times and is now the owner and holder of the promissory note and deed of trust described in paragraph 8.

12. On October 8, 1949, defendants James A. Williams and Veralee Williams, his wife, conveyed the real property described in paragraph 1 to United Laundry, Inc., a California corporation, which deed was recorded March 16, 1950, in Book 6052, page 503, Official Records of Alameda County, California.

13. On April 1, 1950, plaintiff entered into a written agreement with United Laundry, Incorporated, which agreement was recorded on May 1, 1950, in Book 6094, page 81, Official Records of Alameda County, California; the agreement provided for plaintiff to make advances of money to the corporation, for the corporation to make repayments of the advances at the rate of $100 per month plus interest, for the corporation to convey to plaintiff the real property described in paragraph 1, and for plaintiff to reconvey the real property to the corporation or its assignees upon request after full repayment to plaintiff of past, present, and future advances.

14. On April 1, 1950, pursuant to the agreement, United Laundry, a corporation, conveyed by quitclaim deed to plaintiff the real property described in paragraph 1, which deed was recorded May 1, 1950, in Book 6094, page 85, Official Records of Alameda County, California.

15. Since the date of the execution of the agreement, United Laundry, Inc., has failed to repay to plaintiff the sums of money advanced by her pursuant to the agreement, and the corporation ever since has been, and now is, in default in the performance of its covenants contained in the agreement.

16. Plaintiff has advanced $15,871.58 on account of the above described agreement with United Laundry, Inc. Plaintiff has received nothing from United Laundry, Inc., on account of the sums so

advanced by her. Plaintiff has received rentals in the amount of $1,936 from the real property described in paragraph 1 from August 1951 to October 29, 1953, when she acquired legal title to the real property.

17. The rights and powers of United Laundry, Inc., a California corporation, were suspended on November 1, 1950, for failure to pay its corporation tax.

18. The following named defendants have been dismissed from the action: B. N. Freeman, John McIlhany, Augustus A. R. Stephens, and Oakland Bank of Commerce.

19. Defendant United States of America took a default against Mrs. Lucius Winn, named in the complaint as Versey Williams, also known as Veralee Williams.

20. Plaintiff took a default against all defendants who had been properly served and who had failed to answer.

On the basis of these Findings of Fact, the court concludes as follows:

Conclusions of Law

1. This court has jurisdiction, based on 28 U.S.C. § 1444 (1952).

2. Plaintiff is entitled to foreclosure on the deed of trust described in paragraph 1 of the Findings of Fact, which secures a total indebtedness of $10,021.54. Plaintiff's equitable interest in this deed of trust has not merged with her legal title to the real property because of the lien of the United States of America which intervenes.

3. Defendant United States of America is entitled to foreclosure on the deed of trust described in paragraph 8 of the Findings of Fact, which secures a total indebtedness of $1,946.95.

4. Defendant James A. Williams is not entitled to any relief, having failed to establish his case by a preponderance of the evidence.

5. Plaintiff shall have judgment on the complaint, defendant United States of America shall have judgment on its cross-claim, and defendant James A. Williams' counterclaim shall be dismissed, all parties to pay their own costs.

The above action having come on for trial, and the court having made its Findings of Fact and Conclusions of Law,

Now Therefore, it is ordered, adjudged and decreed that

1. Plaintiff have judgment against James A. Williams, also known as James Add Williams, James Williams, and James Bullins, for the principal sum of $2,500, plus interest thereon in the amount of $1,562.50, plus payments of $5,481.82 paid to Central Bank and its successor First Western Bank & Trust Company on account of a prior lien, plus attorney's fees of $477.22, or a total of $10,021.54. This sum shall be a lien on the real property described in the complaint and prior to the liens, interests, or claims of the defendants, or any of them.

2. Defendant United States of America have judgment against James A. Williams for the sum of $1,412.55, plus interest of $534.40, or a total of $1,946.95. This sum shall be a lien upon the real property described in the complaint, junior to the lien interest of plaintiff described in paragraph 1 of the Judgment but prior to the liens, interests, or claims of the other cross-defendants.

3. A commissioner be appointed to sell the real property described in the complaint, or so much thereof as may be necessary, and the proceeds of the sale be applied as follows:

a) Costs of sale;

b) The balance in payment of the amount due plaintiff, to wit $10,021.54;

c) The remainder, if any, in payment of the amount due defendant United States of America, to wit $1,946.95.

d) The residue, if any, to plaintiff.

4. All parties and each of them be foreclosed of all right, claim, or equity of redemption in the real property described in the complaint or any part of that real property.

5. At the sale, any party to this suit may become purchaser.

6. The commissioner shall execute a deed to the purchaser or purchasers and the purchaser or purchasers shall be let into possession of the premises on pro-

duction of the commissioner's deed therefor.

7. In the event of a deficiency remaining after applying the proceeds of the sale to the Judgment in the priority and the amounts set forth in paragraph 3 of the Judgment, any party to whom a deficiency is owing shall have a judgment against defendant James A. Williams for that party's deficiency, and execution shall be issued against defendant James A. Williams on that party's deficiency judgment.

8. Defendant James A. Williams take nothing on his counterclaim.