Filed 6/30/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DECON GROUP, INC., | B248491 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. SC103915) |
| PRUDENTIAL MORTGAGE CAPITAL COMPANY, LLC, et al., | |
| Defendants and Appellants. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Alan J. Goodman, Judge. Reversed.

————

Fidelity National Law Group and J. Walter Gussner for Defendants and Appellants.

Law Offices of John R. Lobherr and John R. Lobherr for Plaintiff and Respondent.

————

AZ Wellesley Plaza, LLC (Wellesley) owned real property in Los Angeles (the Property) subject to a first deed of trust and a junior mechanic's lien. Wellesley defaulted on the loan secured by the trust deed. Faced with foreclosure on that senior debt, Wellesley gave the trust deed beneficiary title to the Property by means of a grant deed in lieu of foreclosure. The grantee/beneficiary then foreclosed, thereby eliminating all junior liens. The grantee/beneficiary also bought the Property at the foreclosure sale and later sold it to a third party.

The holder of the mechanic's lien filed suit to foreclose its lien, arguing that the lien was not eliminated by the foreclosure. The holder of the mechanic's lien contended that when the trust deed beneficiary accepted the deed in lieu of foreclosure, those two interests (as beneficiary under the trust deed and as grantee under the deed in lieu) merged: The merger destroyed the senior lien, so the purported foreclosure on that lien was a sham. The superior court agreed and ordered foreclosure on the mechanic's lien. The trust deed beneficiary, the third-party buyer, and another related party timely appealed.

We reverse. Under well-established California law, the senior beneficiary's lien and title ordinarily do not merge when a deed in lieu of foreclosure is given if there are junior lienholders of record. The foreclosure after acceptance of the deed was therefore valid and eliminated all junior liens, including plaintiff's mechanic's lien. The third party now owns the Property free of all such junior encumbrances.

BACKGROUND

Wellesley purchased the Property and recorded the grant deed on February 8, 2008. Wellesley financed the transaction with a purchase money loan from Prudential Mortgage Capital Company, LLC (Prudential Mortgage), secured by a deed of trust also recorded on February 8, 2008.

2

On August 8, 2008, Wellesley contracted with Decon Group, Inc. (Decon) to perform renovations on the Property. Decon completed the work and was paid all but $436,651.00 of what it was owed under the contract. On April 17, 2009, Decon recorded a mechanic's lien in the amount of $436,651.00 against the Property.

On July 10, 2009, Decon filed the instant lawsuit against Wellesley, Prudential Mortgage, and other defendants, alleging nine claims including breach of contract and quiet title.

On September 4, 2009, the trustee under the deed of trust that secured the Prudential Mortgage loan recorded a notice of default and election to sell under deed of trust, stating that Wellesley was in default on the loan. The promissory note, deed of trust, and related documents (e.g., a security agreement and assignment of leases and rents) were assigned several times, finally to PMCF Properties, LLC (PMCF) on September 25, 2009.

Wellesley then transferred the Property to PMCF by grant deed in lieu of foreclosure, recorded on November 30, 2009. The deed expressly provides that "[t]he Indebtedness shall remain in full force and effect after the date hereof. The interest of Grantee in the Property upon effectuation of the transfers, assignments or conveyances as provided in this Grant Deed shall not merge with the interest of Lender pursuant to the Loan Documents, but shall be and remain at all times separate and distinct, and the Loan Documents shall be and remain at all times valid and continuous liens on the Property."

On December 14, 2009, the trustee recorded a notice of trustee's sale. On January 11, 2010, PMCF recorded a trustee's deed upon sale, stating that PMCF (i.e., the owner of the Property under the deed in lieu of foreclosure) was the foreclosing beneficiary under the deed of trust and purchased the Property at the foreclosure sale for $13,346,361.21. PMCF then sold the Property to 12304 Santa Monica Blvd, LLC (12304 Santa Monica) by grant deed recorded on April 12, 2010. Decon later substituted 12304 Santa Monica for a Doe defendant in this action.

Decon's claims were tried to the court on December 17, 2012. The court determined that "the mechanics lien has priority and was not extinguished by the sale of the property to [PMCF]." The court accordingly entered judgment in favor of Decon and against Prudential Mortgage, PMCF, and 12304 Santa Monica on Decon's claims for foreclosure of mechanic's lien, quiet title, and declaratory relief. The judgment provides that Decon's mechanic's lien against the Property "shall be first and primary and that all other liens be subordinated thereto," and the judgment orders that the Property be "sold at public auction by the Sheriff of the County of Los Angeles." Prudential Mortgage, PMCF, and 12304 Santa Monica (collectively appellants) timely appealed.

DISCUSSION

Appellants argue that PMCF's foreclosure terminated Decon's mechanic's lien. According to appellants, the purchaser of the Property at the foreclosure sale (i.e., PMCF) thus took title free of that lien and all other junior liens, and 12304 Santa Monica then purchased the Property from PMCF free of those encumbrances. We agree.

"A deed given by the trustor to the beneficiary to avoid the inconveniences suffered on both sides by a formal foreclosure is often called a 'deed in lieu of foreclosure' or a 'deed in lieu.'" (1 Bernhardt, Cal. Mortgages, Deeds of Trust, and Foreclosure Litigation (Cont.Ed.Bar 4th ed. 2014) § 7.2, p. 7-6 (Foreclosure Litigation).) The deed in lieu of foreclosure "may be advantageous to both parties" by, for example, allowing the beneficiary to "avoid[] the delays and costs of foreclosure" and saving the trustor "to some extent from the embarrassment and impaired credit rating a public foreclosure sale produces." (*Id.* § 7.3, p. 7-7.) The Restatement Third of Property, Mortgages (Restatement Third) describes this transaction as a "commonly used and socially desirable foreclosure substitute." (Rest. 3d, § 8.5, com. b, p. 612.)

A deed in lieu of foreclosure may carry potential risks, however, if there are junior encumbrances against the property. "Title conveyed by a trustee's deed [i.e., in a foreclosure sale] relates back in time to the date on which the deed of trust was executed. The trustee's deed therefore passes the title held by the trustor as of that earlier time plus any after-acquired title, rather than the title that the trustor held on the date of the

4

foreclosure sale.  [Citation.]  [¶] Liens that attached to the property after execution of the foreclosed deed of trust are therefore eliminated or 'sold out,' and the purchaser at the trustee sale takes title to the property free of those junior liens."  (1 Foreclosure Litigation, § 2.99, pp. 2-111 to 2-112; see, e.g., *Miscione v. Barton Development Co.* (1997) 52 Cal.App.4th 1320, 1326 ["the general rule is that foreclosure of a senior encumbrance terminates subordinate liens"].)  In contrast, "[a] conveyance by a trustor through a deed in lieu of foreclosure (as opposed to a foreclosure deed) passes title to the transferee subject to all existing liens.  [Citation.]  Thus, if the title is encumbered by two deeds of trust, a third party grantee takes subject to both.  If the grantee is the beneficiary under the junior deed of trust, its junior lien may be eliminated by merger and it takes subject to the senior deed of trust.  If the grantee is the beneficiary under the senior deed of trust, under traditional merger concepts, its lien would normally merge into its title and be destroyed, but this would have the effect of making its title subject to the (former) junior deed of trust, which is clearly not the result that the parties intend.  [Citation.]" (1 Foreclosure Litigation, § 7.17, p. 7-23.)

In order to avoid that (ordinarily) unintended result, California law has long provided that, in general, "the senior beneficiary's lien and title do not merge when a deed in lieu of foreclosure is given if there are junior lienholders of record." (1 Foreclosure Litigation, § 7.19, p. 7-24.)  That is, the courts have generally held that when a senior lienholder accepts a deed in lieu of foreclosure, the senior lien and title do not merge, so the senior lienholder retains the power to foreclose and thereby eliminate the junior liens.

The applicable rule has been in place for more than 100 years.  In *Davis v. Randall* (1897) 117 Cal. 12, the Supreme Court articulated the rule as follows:  "'Merger is always a question of intent when the question is as to whether a mortgage lien is merged in the fee, upon both being united in the same person.  [Citation.]  Equity will keep the legal title and the mortgagee's interest separate, although held by the same person, whenever necessary for the full protection of the person's just rights.  [Citation.]  *If there*

5

*is an intervening mortgage the acquirement of the title will not operate as a merger.*
[Citation.]"  (*Id.* at pp. 16-17, italics added.)

Subsequent cases reaffirm the principles that merger in these circumstances is a matter of intent, that the grantee presumptively intends to protect the grantee's rights, and therefore that there is presumptively no merger if the grantee is a senior lienholder. In *Hines v. Ward* (1898) 121 Cal. 115, for example, the Supreme Court explained that "[i]t is well established that equity will interpose to prevent a merger where from the circumstances it is apparent that it was not the intention of the grantee that a merger should take place; and where it appears to be for the interest of the grantee that there should be no merger of the lesser estate, such will be presumed to have been his intention. . . . 'There is generally an advantage to the mortgagee in preserving his mortgage title; and, when there is, no merger takes place. . . .' [Citation.]"  (*Id.* at p. 118; see also *Anglo-Californian Bank v. Field* (1905) 146 Cal. 644, 653 ["It is true that, under ordinary circumstances, where the holder of a mortgage acquires the estate of the mortgagor, the mortgage interest is merged in the fee and the mortgage is extinguished. . . . But this rule is never applied where there is an intervening lien on the property, which it is to the interest of the purchaser to keep on foot, and where there is no evidence, direct or circumstantial, of an express intention to extinguish the first mortgage and hold subject only to the second.  In such a case the legal title and first-mortgage lien will be considered as separate interests whenever necessary for the protection of the just rights of the [grantee]"].)

Those cases involved mortgages, but the Supreme Court has held that the same principles apply to deeds of trust.  In *Sheldon v. La Brea Materials Co.* (1932) 216 Cal. 686, 691-692 (*Sheldon*), the Court quoted the relevant passage from *Hines v. Ward*, *supra*, 121 Cal. 115, and added that "[w]e might multiply authorities to the same effect if necessary, but this principle of law is so firmly established that we refrain from doing so."  (*Sheldon*, at p. 692.)

6

These doctrines apply straightforwardly to the undisputed facts of the present case. When PMCF acquired title to the Property under the deed in lieu of foreclosure, PMCF was already the lienholder and beneficiary of a deed of trust that was senior to Decon's mechanic's lien. PMCF's rights would have been adversely affected if PMCF's lien and title merged—PMCF would then have held title subject to Decon's lien but without the power to foreclose and thereby eliminate Decon's lien. PMCF is therefore presumed to have intended that they not merge. There is no evidence of a contrary intent. Rather, the deed in lieu expressly provides that the parties intended that PMCF's interests "shall not merge." There was consequently no merger, and PMCF retained the power to foreclose. When PMCF foreclosed and purchased the Property at the foreclosure sale, Decon's lien was eliminated, and PMCF then owned the Property free of Decon's lien. Thus, when 12304 Santa Monica purchased the Property from PMCF, it took title free from Decon's lien as well.

We note that the no-merger rule we have applied does not prejudice the rights of the junior lienholder, whose interest is always at risk of elimination through foreclosure of a senior lien. When a senior lienholder accepts a deed in lieu of foreclosure and then forecloses on the (nonmerged) senior lien, the junior lienholder retains the right to bid at the foreclosure sale, and if the property sells for more than the outstanding senior indebtedness, then the excess will be paid to the junior lienholder, up to the amount of the junior lien.

Decon presents no meritorious arguments against our analysis. For example, Decon argues that PMCF's interests merged, and as support Decon quotes the following statements from *Sheldon*: (1) "'When a greater and lesser estate coincide and meet in one and the same person, in the same right *without any intermediate estate*, the latter is in law merged in the greater.' [Citation.]"; (2) "'The whole title, legal as well as equitable, must unite in one and the same person. Where the two thus meet, *without any intermediate estate*, the less is immediately annihilated, or, in law phrase, "merged."' [Citation.]" (*Sheldon*, *supra*, 216 Cal. at p. 689, italics added.) But Decon never addresses the phrases we have italicized, whose effect is to undermine Decon's position. The

7

qualification "without any intermediate estate" expresses the rule that applies when the grantee under the deed in lieu of foreclosure is also the beneficiary under a senior deed of trust—because of the existence of an intermediate estate (namely, a junior lien), merger would impair the grantee's rights, so there is (ordinarily) no merger. Other than describing this well-established doctrine as "absurd" and "ludicrous," Decon presents no argument to the contrary. And Decon expressly characterizes PMCF's acceptance of the deed in lieu as a "fatal error" and a "tactical error," thereby conceding that PMCF's rights would be prejudiced if merger resulted from PMCF's acceptance of the deed in lieu.

For all of the foregoing reasons, we conclude that the superior court erred and the judgment must be reversed. Our resolution of this issue makes it unnecessary for us to address the other arguments raised by appellants.[1]

---

[1]     Decon presents two other arguments for affirmance, but they warrant only brief discussion. First, Decon claims that the superior court "found that no evidence was presented to establish the Trust Deed was recorded before any work was commenced." The argument mischaracterizes the court's finding, which stated only that Decon's mechanic's lien was recorded (and thus the work was performed) before recordation of the *deed in lieu of foreclosure*, not before recordation of the first trust deed. Second, Decon argues that the equities favor affirmance. We are not persuaded. Decon was a junior lienholder, so it always ran the risk that its lien would be eliminated by foreclosure of a senior lien. If, at the time of PMCF's foreclosure, Decon or anyone else thought the Property was worth more than the outstanding debt, then they could have bought the Property for that higher price at the foreclosure sale. No one did. The unfortunate outcome for Decon is the same adverse result suffered by any junior lienholder in these circumstances—if the value of the collateral is insufficient to cover the outstanding indebtedness at the time of foreclosure, then the most junior lienholder will not be fully repaid.

8

DISPOSITION

The judgment is reversed with directions to enter judgment in favor of appellants.

Appellants shall recover their costs of appeal.

<u>CERTIFIED FOR PUBLICATION</u>.


ROTHSCHILD, Acting P. J.

We concur:


JOHNSON, J.


MILLER, J.*

---

* Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.