FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2017 AUG 21 AM 11: 26

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Funding of the<br><br>ISABELLA FRANZISKA XOCHITL PAGEL IRREVOCABLE TRUST. | No. 75159-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: August 21, 2017 |

APPELWICK, J. — Pagel appeals from summary judgment determining that he failed to fund his obligation to his daughter's trust. He argues that he paid the trust what it was owed. Pagel contends that he did not owe a fiduciary duty to the trust to pay more, and asserts affirmative defenses to the trust's fiduciary claims. The breach of the written agreement to fund the trust is clear and the claim is timely, without reliance on any fiduciary duty claims. We affirm.

## FACTS

Martin Pagel and Susanne Schuegraf were married. They have two children, Isabella Franziska Xochitl Pagel and Maximilian Florian Pagel.[1] The couple separated on January 24, 2003. They entered into a property settlement agreement, dated July 20, 2004. The property settlement agreement was incorporated in the decree of dissolution, entered on October 26, 2004.

---

[1] We refer to the children by their first names for the sake of clarity. No disrespect is intended.

Pagel owned a business, Two Door Garage, Inc. d/b/a Charlie Rocket, along with Anna Lindstrom and Robin Constable. In 1999, Pagel purchased property located on West 7th Street in Los Angeles, California. On August 6, 1999, Pagel sold 50 percent of the property to the business partners. In exchange, the business partners executed a promissory note in favor of Pagel in the amount of $212,500. The promissory note was secured by a deed of trust on Lindstrom and Constable's one-half of the 7th Street property (the purchase money deed of trust). The deed of trust was never recorded. Pagel also loaned the company a significant amount of money (the business debt). At the time of the dissolution, this debt was between $1,200,000 and $1,600,000.

Under the property settlement agreement, Pagel and Schuegraf agreed to create two trusts, one for each of their children. Schuegraf was named the trustee for Isabella's trust, while Pagel was the trustee for Maximilian's trust. The property settlement agreement assigned a one-fourth interest in the business debt to each child's trust.

In 2006, Pagel secured the business debt with a promissory note and a deed of trust for the business partners' one-half interest in the 7th Street property, effective as of January 2, 2004. The deed of trust was recorded. In securing the business debt, Pagel and his business partners agreed that the amount owed on the business debt was $1,200,000. This renegotiation of the business debt led to a dispute concerning the trusts' interest in the business debt. After arbitration, the trusts' interests in the business debt were adjusted to 31.89 percent each.

2

Pagel entered into a participation agreement with the children's trusts, effective January 2, 2004. The participation agreement established that the children would each be assigned an undivided 31.89 percent interest in the business debt. It provided that Pagel would hold the promissory note on that debt, because assignment and reissuance of the note could cause complications. As a result, the parties agreed that "[i]f and to the extent that Martin receives payments, whether in whole or in part, on any Note, Martin will disburse such payments, within ten (10) business days or less of their receipt." The participation agreement also provided that the substantially prevailing party in any action pertaining to the breach of the agreement would be entitled to recover attorney fees and costs.

Two Door Garage's business creditor, Lantern Finance Company Inc., insisted that its debts be secured by the 7th Street property.[2] On January 30, 2009, Pagel reconveyed the deed of trust that had been used to secure the business debt. The reconveyance was recorded. The purchase money deed of trust was not reconveyed. Pagel and the business partners recorded a deed of trust in the entire property in favor of Lantern.

Two Door Garage eventually failed. On September 17, 2012, the business partners transferred their one-half interest in the 7th Street property to Pagel to satisfy the business debt. The grant deed was recorded on September 25, 2012. Pagel sold the 7th Street property on October 1, 2012 for $1,336,500.

---

[2] Lantern is the successor in interest to several other business lenders of Two Door Garage. For clarity's sake, we refer to the business creditor as Lantern.

From the sale of the property, Pagel paid off the debt owed to Lantern. And, he paid closing costs. Of the remainder of the net proceeds, one-half were owned by Pagel free and clear, because he originally owned one-half of the property. Then, Pagel used $238,900 of the remaining one-half to repay himself amounts secured by the purchase money deed of trust.[3] He did so on the theory that he was a secured creditor of the property who was entitled to be repaid. After paying himself on the purchase money deed of trust, $68,394 was left. Pagel distributed 31.89 percent of the remainder to each child's trust, giving each child $21,811

On November 13, 2015, Schuegraf filed a Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, petition as trustee of Isabella's trust. She sought entry of a judgment against Pagel in the amount of $382,680 and prejudgment interest. Schuegraf asserted that Pagel assigned a 31.89 percent interest in the business debt to Isabella's trust, and he still owed the trust that sum.

Pagel moved for summary judgment. He sought to remove Schuegraf as trustee of Isabella's trust and for dismissal of the TEDRA petition. The trial court denied Pagel's motion for summary judgment.

Schuegraf then moved for summary judgment. She argued that Pagel breached a fiduciary duty owed to Isabella's trust pursuant to the participation agreement. The trial court granted summary judgment in favor of Isabella's trust.

---

[3] The principal on the purchase money note was actually $212,500. Pagel later clarified that the amount he paid himself reflected the loan principal and a small amount of the interest accrued on the loan.

The court entered judgment in the amount of $98,552, plus prejudgment interest from the date of sale and attorney fees. Pagel appeals.

## DISCUSSION

Pagel argues that the trial court erred in granting summary judgment in favor of the trust. Pagel contends that the trial court erroneously applied California law in determining that he was not entitled to repay himself under his purchase money deed of trust before distributing the proceeds to the trust. He asserts that he is not a fiduciary of Isabella's trust, and that his affirmative defenses to Schuegraf's claims should have succeeded. And, he contends that genuine issues of material fact remain that should have precluded summary judgment.

We review summary judgment decisions de novo, engaging in the same inquiry as the trial court. Int'l Marine Underwriters v. ABCD Marine, LLC, 179 Wn.2d 274, 281, 313 P.3d 395 (2013). Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.; CR 56(c). We view the facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. Berrocal v. Fernandez, 155 Wn.2d 585, 590, 121 P.3d 82 (2005).

Pagel argues that due to his purchase money deed of trust, he was a secured creditor of the property. He contends that his unrecorded purchase money deed of trust was a first priority lien on the property, so he was entitled to repayment on the purchase money deed of trust before he was required to distribute proceeds to Isabella's trust. In response, Schuegraf asserts that the

5

purchase money deed of trust is irrelevant, because Pagel did not follow California's mandatory foreclosure procedures.

Under California law, "[a] mortgage or deed of trust given for the price of real property, at the time of its conveyance, has priority over all other liens created against the purchaser, subject to the operation of the recording laws." Cal. Civ. Code. § 2898(a). A purchase money encumbrance has priority over all other liens, even liens that were recorded prior to the purchase money encumbrance. Walley v. P.M.C. Inv. Co., 68 Cal. Rptr. 711, 712-13 (Cal. Ct. App. 1968).

Pagel's obligation to the trust was to timely pay a stated percentage of payments he received on the business debt. The question is whether he complied with this obligation when he accepted a grant deed from his business partners to extinguish the business debt.

Pagel and the business partners resolved that the business debt would be extinguished in consideration of the business partners assigning their interest in the 7th Street property to Pagel in a joint action dated June 3, 2010. The business partners formally transferred their one-half interest in the 7th Street property to Pagel to satisfy the business debt by grant deed on September 17, 2012. The grant deed was recorded on September 25, 2012. It stated, "This is a reconveyance of realty upon satisfaction of a debt."

Pagel notes that only he, not the other two business partners, signed this joint action. Consequently, he argues that material issues of fact remain as to whether the partners transferred the property in satisfaction of the purchase money

deed of trust or the business debt. However, neither the joint action nor the grant deed references the purchase money deed of trust, let alone states that the purchase money deed of trust was extinguished in consideration of the grant deed. And, Pagel represented in multiple signed declarations submitted to the trial court that the business partners transferred their interest in the property to satisfy the business debt. Pagel's after the fact bare claims to the contrary do not create a material issue of fact. The grant deed was issued in consideration of extinguishing the business debt.

Pagel argues that the purchase money deed of trust preserved his priority to the proceeds of the sale of the property. He argues the trial court must have erroneously concluded his interests in the property merged when he accepted the grant deed, thereby extinguishing his priority. .

Merger of the lien and ownership of the property in one person or entity extinguishes the lien. Alliance Mortg. Co. v. Rothwell, 10 Cal. 4th 1226, 1235, 44 Cal. Rptr. 2d 352, 900 P.2d 601, 606 (1995). The exception to this rule is that merger is not presumed when a senior lienholder takes ownership of the property. Decon Grp., Inc. v. Prudential Mortg. Capital Co., 227 Cal. App. 4th 665, 671,174 Cal. Rptr. 3d 205 (Cal. Ct. App. 2014). Otherwise, the senior lienholder would lose the power to foreclose and eliminate the junior liens. Id.

But, this case does not turn on competing liens and priority in the distribution of the proceeds. At the time the grant deed was transferred, Isabella's trust had no lien against the partners' interest in the property. The only lien of record was

7

Lantern's, and Pagel had subordinated his purchase money deed of trust to it. Thus, no question of priority of liens exists. The issue of merger is not material to who is entitled to the proceeds of the sale of the property in this case. Once Pagel accepted the grant deed, he alone owned the property. He was entitled to the proceeds of the sale.

But, the net proceeds are important to the real issue in this case, which is the value of the one-half interest in the property, transferred to Pagel to extinguish the business debt owed by the partners. Neither party argues for any adjustment in value occurring between the dates of transfer of the grant deed and of sale of the property. Neither party contends that the Lantern lien and closing costs were improperly deducted from the proceeds. Thus, the net proceeds of the sale represent the net value of the property. Shuegraf argues Pagel's debt to the trust should be calculated on the value of one half of the net proceeds. Pagel argues for reduction by the amount due on the purchase money note given by the partners.

No evidence in the record supports a conclusion that Pagel and the business partners agreed that the original purchase money promissory note was extinguished (or even paid in part) when the grant deed was transferred. No evidence in the record otherwise compels Pagel to apply any proceeds from the partners' deeded interest to the purchase money note.

We conclude that the trial court correctly identified the value of the business debt. Under the participation agreement, Pagel was required to distribute 31.89 percent of one-half of the proceeds of the business debt to Isabella's trust within

10 days of receipt. He clearly failed to do so. He was in breach of the participation agreement. No questions of material fact remain, and the trial court properly applied the law. Therefore, summary judgment in favor of Isabella's trust was proper.

Below, Schuegraf framed this case around a fiduciary duty owed by Pagel to Isabella's trust. Schuegraf claimed that Pagel breached this fiduciary duty by prioritizing his own interests over those of the trust. Pagel defended against these claims, asserting that he did not owe a fiduciary duty to the trust, and that Schuegraf's arguments were barred by the statute of limitations and judicial estoppel. The trial court agreed with Schuegraf, ruling that Pagel breached a fiduciary duty he owed to the trust.

Whether an action sounds in contract or tort depends on the pleadings and the evidence upon which the parties rely. See G.W. Constr. Corp. v. Prof'l Serv. Indus., Inc., 70 Wn. App. 360, 364, 853 P.2d 484 (1993). The evidence the parties relied upon establishes that Pagel breached the written participation agreement. The breach turned upon the proper amount being timely paid. The duty to make the payment arose under the participation agreement. No finding of fiduciary duty was necessary to determine the fact of breach. The action sounds in contract. This result renders analysis of the tort issues moot.[4]

The participation agreement permitted an award of reasonable attorney fees in an action for breach of the agreement. . The trial court properly awarded

---

[4] The action was clearly brought within the applicable six year statute of limitations. RCW 4.16.040.

Schuegraf attorney fees under this provision. And, we award attorney fees to Schuegraf on appeal, subject to her compliance with RAP 18.1(d).

We affirm.

_Appelwick, J._

WE CONCUR:

_Trickey, ACJ_          _Dwyer, J._